VINCENT MARECI, Plaintiff, *v.* GEORGE SOLLITT CONSTRUCTION CO. *et al.*, Defendants.—(GEORGE SOLLITT CONSTRUCTION CO., Third-Party Plaintiff-Appellant, *v.* ILLINOIS HEATING & VENTILATING CO., INC., Third-Party Defendant-Appellee.)

First District (5th Division)   No. 78-483

Opinion filed June 22, 1979.

Schaffenegger, Watson and Peterson, Ltd., of Chicago (Jack L. Watson, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and James P. De Nardo, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from an order of the circuit court granting third-party defendant's motion for summary judgment and denying third-party plaintiff's motion for judgment on the pleadings in an action for contractual indemnity. The sole issue raised is whether the trial court erred in its decision. We affirm.

This third-party action arose out of a personal injury action brought by Vincent Mareci, an employee of Illinois Heating and Ventilating Company, Incorporated (hereinafter Illinois Heating), against George Sollitt Construction Company (hereinafter Sollitt). Mareci allegedly sustained injuries when he tripped and fell on a ramp while working at a jobsite where Sollitt was acting as general contractor and Illinois Heating

was acting as subcontractor. Mareci's suit against Sollitt was based on theories of negligence and violation of the Structural Work Act (Ill. Rev. Stat. 1969, ch. 48, pars. 60-69). After Mareci filed suit, Sollitt filed a third-party complaint against Illinois Heating claiming, *inter alia,* that under an indemnification clause in a contract entered into on May 14, 1971, Illinois Heating had agreed to indemnify Sollitt for personal injury claims arising out of Illinois Heating's work at the jobsite where Mareci was injured. The clause reads:

"That the Sub-contractor [Illinois Heating] assumes entire risk and responsibility for any injuries, alleged injuries, or injuries resulting in death, sustained by himself, his employees or representatives, and/or by anyone employed by any sub-contractor or contractor, whose contract is subordinate to or let in pursuance of this agreement, in the performance of this agreement. Such aforesaid injuries shall include, but not be limited to, those resulting from the use or misuse of hoists, rigging, blocking, stays, scaffolding, formwork, cranes, ladders, supports, staging, elevators, or other mechanical contrivances, structures, materials, or site conditions, whether or not there was a right to use any such aforesaid, or whether or not any such aforesaid were furnished, owned, or operated by the Owner, General Contractor [Sollitt], Architect, and/or the employees or representatives of the Owner, General Contractor, or Architect."

Sollitt alleged that this clause applied to the injury sustained by Mareci.

On May 31, 1977, Illinois Heating filed a motion for summary judgment. Along with the motion, it filed an affidavit of Albin Olson, Sollitt's superintendent at the jobsite where Mareci was injured. Olson stated that Sollitt had constructed, positioned, and maintained the ramp. Also, Illinois Heating filed a letter, dated June 14, 1971, which it sent to Sollitt, stating:

"I am sure that the intent of your contract is to have us responsible for our own work only and damages to the structure or surrounding properties caused by Illinois Heating & Ventilating."

On August 26, Sollitt filed a motion for judgment on the pleadings. The trial court granted Illinois Heating's motion for summary judgment and denied Sollitt's motion for judgment on the pleadings on August 29, the day on which Mareci's lawsuit proceeded to trial. Ultimately, Mareci dropped his negligence claim and obtained a verdict against Sollitt based on his Structural Work Act claim.

OPINION

Sollitt contends that the trial court erred in granting the motion for summary judgment and in denying its motion for judgment on the

pleadings because the contractual indemnity clause clearly requires Illinois Heating to indemnify Sollitt for the injuries to Mareci. It argues that the clause specifically provides for indemnity under the precise circumstances as were involved in the instant case. It also argues that the contract as a whole clearly indicates that Illinois Heating had undertaken the obligation to indemnify regardless of who caused the injuries. We reject Sollitt's contention.

The law applicable to the instant indemnification clause is that an indemnity clause will not indemnify against one's own negligence unless such indemnification is expressed in clear and explicit language or such intention is expressed in unequivocal terms.[1] (*Zadak v. Cannon* (1974), 59 Ill. 2d 118, 319 N.E.2d 469; *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.* (1946), 395 Ill. 429, 70 N.E.2d 604; *McGinn v. Northwestern Steel & Wire Co.* (1978), 68 Ill. App. 3d 632, 386 N.E.2d 71.) Each agreement is to be given a "fair and reasonable interpretation based upon a consideration of all of its language and provisions." (*Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 67, 294 N.E.2d 272, 274.) In the event of any ambiguity in the language, the contract will be construed strictly against the party seeking indemnity for his own negligence. *Valerio v. R & R Construction Co.* (1974), 20 Ill. App. 3d 48, 312 N.E.2d 713.

Sollitt claims that the language in the instant indemnification clause is "extremely specific" because it refers to the precise injury which allegedly occurred in this case—an injury which results from the use or misuse of a support, regardless of who furnished the support. A similar contention was made in *Cotter v. Consolidated Construction Co.* (1977), 50 Ill. App. 3d 332, 365 N.E.2d 636, a case factually similar to the instant case. In *Cotter*, plaintiff, an employee of a subcontractor, was injured when he fell from planking which had been erected by the general contractor. Plaintiff brought an action against the general contractor under the Illinois Structural Work Act. Subsequently, the general contractor filed a third party action against plaintiff's employer based *inter alia*, on an indemnification clause which read:

> "[subcontractor] shall * * * indemnify and save harmless * * * [general contractor] against all loss, * * * on account of * * * injuries, * * * to persons (including, without limiting the generality of the foregoing, employees of * * * [subcontractor]) * * * in any way arising out of or connected with the performance of the work by * * * [subcontractor] or the use by * * * [subcontractor] or its

---

[1] The legislature enacted a law, effective September 23, 1971, which makes such clauses "void as against public policy and wholly unenforceable." (Ill. Rev. Stat. 1977, ch. 29, par. 61.) Nonetheless, that law is not applicable to the instant contractual clause since the contract was entered into on May 14, 1971. Ill. Rev. Stat. 1977, ch. 29, par. 62.

employees, * * * of facilities or equipment furnished or owned by * * * [general contractor], * * * including, without limiting the generality of the foregoing, all claims arising out of the operation of the structural work law * * *." (50 Ill. App. 332, 333, 365 N.E.2d 636, 637.)

The trial court directed a verdict against the subcontractor on the basis of the indemnification clause. On appeal, however, we reversed, saying:

> "We do not believe that the portions of the contract which provide for indemnity in connection with the work performed by * * * [the subcontractor] or the use by * * * [the subcontractor] or its employees of the facilities or equipment of * * * [the general contractor] clearly and unequivocally provide for indemnification against * * * [the general contractor's] own negligence. The additional provision concerning all claims arising out of the operations of the structural work law does not unequivocally provide for claims against * * * [the general contractor's] own violations of the structural work law." (50 Ill. App. 3d 332, 334-35, 365 N.E.2d 636, 638.)

Because of the factual similarities between *Cotter* and the present case, we conclude that this reasoning is equally applicable here.

Sollitt claims, however, that the contract in *Cotter* is dissimilar to that involved in the instant case. It points out that the *Cotter* contract made only a broad reference to the Structural Work Act whereas, the instant contract sets forth the actual situation (use of a support) under which Illinois Heating must indemnify Sollitt. Sollitt's claim is without merit. In addition to its reference to the Structural Work Act, the *Cotter* contract refers to injuries which arise out of or are connected with the use of facilities or equipment furnished or owned by the general contractor. This reference is sufficiently similar to the language in the instant contract as to make any difference legally insignificant. Furthermore, our reasoning in *Cotter* was not dependent upon the unspecific reference to the general contractor's equipment or facilities but was dependent upon the clause's failure to clearly and unequivocally provide for indemnification against the general contractor's own negligence or own violation of the structural work law. In that respect, the instant clause is also insufficient.

Sollitt also claims that the *Cotter* contract is dissimilar in that the instant contract contains two other clauses which support its argument that the indemnification clause provides for indemnity regardless of who caused the injury. The clauses read:

> "Article 3:
>
> That the Sub-contractor assumes entire risk and responsibility for damage or claimed damage to property, *caused by the*

*Sub-contractor*, his employees or representatives, and/or by anyone employed by any subcontractor or contractor, whose contract is subordinate to or let in pursuance to this agreement, in the performance of this agreement. (Emphasis added.)

Article 4:

That the Sub-contractor assumes entire risk and responsibility for injuries, alleged injuries, or injuries resulting in death, to persons other than Sub-contractor's employees, *caused by the Sub-contractor*, his employees or representatives, and/or by anyone employed by any sub-contractor or contractor, whose contract is subordinate to or let in pursuance of this agreement, in the performance of this agreement." (Emphasis added.)

Sollitt argues that since the clause "caused by the Sub-contractor" was present in articles 3 and 4 but not present in article 2, it is clear that article 2 was meant to apply to all injuries, regardless of how they were caused.

We recently considered a similar claim in *McGinn v. Northwestern Steel & Wire Co.* (1978), 68 Ill. App. 3d 632, 386 N.E.2d 71, *appeal denied* (Docket No. 51785, May 30, 1979), ___ Ill. 2d ___. In *McGinn*, the indemnification provisions of the contract were all contained in one paragraph. In clauses (a) and (b) of the paragraph, indemnification was provided for claims which were caused by acts of the subcontractor. Clause (c) provided for indemnification for certain claims "however caused." We rejected the argument that the "however caused" language was broad enough to include claims which arose out of the general contractor's own negligence. We noted:

"As in Westinghouse [*Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp.* (1946), 395 Ill. 2d 429, 70 N.E.2d 604], the entire provision clearly reveals that * * * [the subcontractor] has agreed to indemnify only for its own actions, in clauses (a) and (b). To expand * * * [the subcontractor's] obligations to include acts of * * * [the general contractor] and other parties when such intention is not expressly indicated in the language of clause (c), would be to make * * * [the subcontractor] responsible for unforeseen acts entirely beyond its control. This is precisely the rationale followed by the court in *Westinghouse* in denying indemnity, and it leads us to the same conclusion." (68 Ill. App. 3d 632, 637, 386 N.E.2d 71, 75.)

For similar reasons we reject Sollitt's claim.

Since the instant indemnification clause did not clearly and specifically provide for indemnification for claims arising out of Sollitt's *own* negligence or violation of the Illinois Structural Work Act, no genuine issue as to any material fact exists. Also, since Illinois Heating has properly pleaded that the instant indemnification clause does not cover the

particular injury alleged, no defect in the pleading exists. Therefore, the trial court did not err in granting Illinois Heating's motion for summary judgment and denying Sollitt's motion for judgment on the pleadings.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.