JOSEPH M. SCHUCH, Plaintiff, *v.* THE UNIVERSITY OF CHICAGO *et al.*, Defendants.—(MUELLAR CONSTRUCTION COMPANY, Defendant-Third-Party Plaintiff-Appellant, *v.* NEW CITY STEEL CORPORATION, Third-Party Defendant-Appellee.)

First District (5th Division)    No. 79-1048

Opinion filed August 22, 1980.

Kralovec, Marquard, Doyle, Gibbons & Fraterrigo, Chartered, of Chicago (Charles V. Kralovec and Michael T. Sprengnether, of counsel), for appellant.

Goldenson, Kiesler, Berman & Brenner, of Chicago (John R. Garofalo and Valerie S. Green, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought an action against six defendants, including Muellar Construction Company (Muellar), a general contractor, for personal injuries sustained on October 6, 1976, when he fell from a scaffold while working at the site of the Erman Biology Center at the University of Chicago. Plaintiff's amended complaint alleged willful violations of the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*) by all defendants and that each was a person "having charge of" the work in progress. Muellar filed a two-count third-party complaint against New City Steel Corporation (New City), plaintiff's employer, seeking contractual indemnification in count I for liability it may incur to plaintiff in the principal action. New City's motion to dismiss count I of Muellar's third-party complaint for its failure to state a cause of action was granted by the trial court. From this order, Muellar appeals.

The dispositive issue before us on appeal is as follows: whether the trial court properly found that the indemnity provision of the agreement between Muellar and New City which served as the basis of Muellar's complaint holds Muellar harmless for its own negligence and is therefore void under "An Act in relation to indemnity in certain contracts" (the Act) (Ill. Rev. Stat. 1977, ch. 29, pars. 61-63.) Section 1 of the Act provides in pertinent part:

"With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, * * * every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."
Ill. Rev. Stat. 1977, ch. 29, par. 61.

Our decision turns on the language used in the indemnity provision contained in the agreement between Muellar and New City. Paragraph 4 of the section entitled "General Conditions" states:

"The Subcontractor [New City] hereby assumes entire responsibil-

ity and liability for any and all damage and injury of any kind * * * to all persons * * * growing out of, or resulting from the labor or material or both used in the performance of this contract or occurring in connection therewith, and agrees to indemnify and save harmless Muellar * * * from and against any and all loss * * * growing out of, or resulting therefrom, or occurring in connection therewith.

Subcontractor further agrees to indemnify and hold harmless the contractor * * * from all claims, causes of action or suits of whatsoever nature, for personal injury, including death resulting therefrom * *. * occasioned or arising by virtue of the provisions * * * of the Illinois Revised Statutes commonly referred to as the "Scaffolding Act of Illinois."

■■ It is well established that an indemnity contract will not be construed as indemnifying one against his own negligence unless such a construction is required by clear and explicit language or such intention is expressed in unequivocal terms. (*Zadak v. Cannon* (1974), 59 Ill. 2d 118, 319 N.E.2d 469; *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.* (1946), 395 Ill. 429, 70 N.E.2d 604.) Each agreement is to be given a "fair and reasonable interpretation based upon a consideration of all of its language and provisions." *Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 67, 294 N.E.2d 272, 274.

In *Cotter v. Consolidated Construction Co.* (1977), 50 Ill. App. 3d 332, 365 N.E.2d 636, contractual language similar to that employed in the present indemnity provision was analyzed. There, plaintiff received an $18,000 judgment for personal injuries resulting from Consolidated Construction Company's (Consolidated) violations of the Structural Work Act. Consolidated filed a third-party complaint against plaintiff's employer, White City Electric Company (White City), based upon an agreement between the parties which provided:

"[White City] shall * * * indemnify and save harmless [Consolidated] * * * against all loss, * * * on account of * * * injuries, * * * to persons (including, without limiting the generality of the foregoing, employees of [White City]) * * * in any way arising out of or connected with the performance of the work by [White City] or the use by [White City] or its employees, * * * of facilities or equipment furnished or owned by [Consolidated], * * * including, without limiting the generality of the foregoing, all claims arising out of the operation of the structural work law * * *."

The appellate court, citing *Westinghouse* and *Tatar*, held that the language of the agreement was not clear and unequivocal in nature and

therefore was not broad enough to cover the negligent conduct of Consolidated which led to plaintiff's injuries.

■■■ Turning to the present case, we note that the terms of the indemnity provision likewise fail to explicitly hold Muellar harmless for its own negligent acts. Broad language in the agreement such as "any and all damages" as against "any and all loss," for injuries "growing out of," or "resulting therefrom," is as indefinite as the language in *Cotter* (*i.e.*, "all loss," "arising out of," "or connected with"). In sum, the instant indemnity provision contains no words specifically providing that New City was to indemnify Muellar for the latter's negligence. Where a contract purports on its face to be a complete expression of the entire agreement, courts will not add another term about which the agreement is silent. (*Westinghouse*.) Consequently, we will add no words to this indemnity agreement in interpreting its meaning. The trial court erroneously granted New City's motion to strike and dismiss count I of Muellar's third-party complaint.

New City's assertion that the indemnity provision is *ipso facto* rendered void because Muellar sought indemnity for all claims made under the Structural Work Act is without merit. Suffice it to say that a similar argument was rejected in the *Cotter* decision when the court stated: "The additional provision concerning all claims arising out of the operations of the structural work law does not unequivocally provide for claims against Consolidated's own violations of the structural work law." (*Cotter*, 50 Ill. App. 3d 332, 335, 365 N.E.2d 636, 638.) Such "unequivocal" language is also lacking in the present indemnity provision.

Finally, New City contends in the alternative that all indemnity provisions in the construction industry similar to the present one are against public policy because they allow a culpable party to pass on liability to another, such as a plaintiff's employer. Such exculpatory practices, New City argues, results in the avoidance of liability and lessens the motivation for one to provide safe working conditions.

■■ We reiterate that indemnity agreements under the Act are only void as against public policy if they allow a party to escape liability for that party's negligent acts, not the acts of others. It is significant to note, however, that a party may be liable under the Structural Work Act as "having charge of" the work at a construction site even though a worker's injury is caused by the conduct of another party if the former knew or in the exercise of ordinary care could have discovered the latter's violation. (*Quilico v. Union Oil Co.* (1978), 58 Ill. App. 3d 87, 374 N.E.2d 219.) Because there are degrees of fault under the Structural Work Act, "the lesser delinquent, if held accountable by the plaintiff, can transfer its statutory liability to the active delinquent, whose dereliction from duty brought about the plaintiff's injury." (*Svenson v. Miller Builders, Inc.* (1979), 74 Ill. App. 3d 75, 392 N.E.2d 628.)

Accordingly, an indemnity agreement may be lawfully employed to shift liability to the more active wrongdoer whose negligence led to plaintiff's injury.

■■ The present appeal arises from the pleadings. We are not now concerned with determining which party, if any, is ultimately responsible for plaintiff's injuries. An indemnity agreement such as the present one only insures that the indemnitee (Muellar) will not be liable for possible "technical violations" of the Structural Work Act occasioned by the conduct of the indemnitor (New City). Obviously, Muellar remains liable for any negligence on its own part. Because the indemnity agreement does not hold Muellar harmless for its own negligence, it does not allow Muellar to ignore safety precautions which could jeopardize the safety of workers. Therefore, we conclude that the indemnity agreement is not void as against public policy.

For the foregoing reasons, the judgment of the circuit court is reversed and remanded with directions to reinstate count I of Muellar's complaint.

Reversed and remanded with directions.

SULLIVAN, P. J., and WILSON, J., concur.