EMILY A. BEDNAR, Plaintiff, *v.* VENTURE STORES, INC., *et al.*, Defendants and Third-Party Plaintiffs.—(VENTURE STORES, INC., Defendant and Third-Party Plaintiff-Appellant, *v.* KENNETH BALK & ASSOCIATES *et al.*, Third-Party Defendants—(READY PAVING AND CONSTRUCTION COMPANY, Third-Party Defendant-Appellee).)

First District (5th Division)    No. 81-352

Opinion filed May 14, 1982.

Schaffenegger, Watson and Peterson, Ltd., of Chicago, for appellant.

Burdick & Smith, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

The sole question in this appeal is whether the trial court erred in dismissing plaintiff's second amended third-party complaint against this defendant for failure to state a cause of action for implied indemnity.

This action arose out of a personal injury suit filed by Emily Bednar against defendants and third-party plaintiffs, Venture Stores, Inc. (Venture), a division of May Department Stores Co., and May Properties, Inc. (May). In April of 1976, Bednar was departing from a Venture store in Oak Lawn, Illinois, when she slipped and fell on a ramp-like exit and entranceway, sustaining injuries.

Bednar filed a two-count complaint against Venture and May, alleging that defendants had negligently designed the ramp on which she fell with a higher angled grade which was unreasonably unsafe for use as an entrance or exit ramp-way to the store.

May and Venture then filed a third-party complaint seeking indemnity from the architectural firm that designed the ramp, Kenneth Balk and Associates, and subsequently amended this complaint to include the third-party defendant in the case at bar, Ready Paving & Construction Co. (Ready).

The second amended third-party complaint contained these general allegations against Ready: (1) Ready was the party responsible for supplying the materials and labor for the installation of the ramp-like entrance and exit upon which Bednar fell; and (2) Ready was actively negligent in designing and/or negligently constructing the ramp at an unreasonably unsafe grade. The complaint further alleged that third-party plaintiffs, as owners of the store, were, if negligent, only passively negligent in that they had merely engaged Ready to install the ramp-like entrance and exit and were therefore entitled to indemnification from Ready.

Ready moved to dismiss the second amended third-party complaint, relying on the rule in *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368, which holds that an independent contractor is not liable if it carefully carries out the specifications provided to it, unless they are so obviously dangerous that no competent contractor would follow them.

The trial court allowed Ready's motion to dismiss as to both Venture and May. The dismissal order provided that both third-party plaintiffs were granted leave to file a motion for rehearing supported by an amended count II.

Pursuant to that order, a motion for rehearing was filed, supported by an amendment to count II of the third-party complaint.

That amendment alleged, in pertinent part, that:

"6. Ready * * * constructed the exterior walkway and ramp-like entrance in a careless and negligent manner in that it:

A. deviated from the plans and specifications so substantially that it knew or should have known that the configuration of the exterior walkway and ramp-like entrance was hazardous to persons walking on it, or,

B. complied with plans and specifications which were so defective and dangerous that a reasonably well qualified paving and construction company would or in the exercise of reasonable care should have recognized them to be dangerous and defective * * *."

The trial court allowed only May to vacate the dismissal and to file this amendment to count II, but denied leave as to Venture.

Venture appeals from the orders allowing Ready's motion to dismiss, and denying its motion to vacate the dismissal, and denying it leave to file the amendment.

OPINION

As a prelude to our discussion, we note that the judicially created theory of implied indemnity arose in order to mitigate the harsh effects resulting from an inflexible application of the traditional Illinois rule prohibiting contribution among joint tortfeasors. (*Carver v. Grossman* (1973), 55 Ill. 2d 507, 511, 305 N.E.2d 161.) Application of the indemnity doctrine historically shifted the responsibility for the indemnitee and onto the truly culpable person who in fact caused the loss. Prosser, Torts sec. 51, at 310 (4th ed. 1971).

In 1978, the court in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1978), 70 Ill. 2d 1, 374 N.E.2d 437, ushered in contribution and thereby filled the void in the allocation of responsibility for tortious conduct.

■■ Subsequently, the court in *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 422 N.E.2d 979, held that the recently enacted 1979 contribution-among-joint-tortfeasors act (Ill. Rev. Stat. 1979, ch. 70, par. 301) did not extinguish indemnity as a basis for recovery in Illinois. With this historical background in mind, we nonetheless observe that since the instant cause of action arose prior to March 1, 1978, the indemnity issues in this case are controlled by the traditional rule prohibiting contribution among joint tortfeasors. *Lundy v. Whiting Corp.* (1981), 93 Ill. App. 3d 244, 417 N.E.2d 154.

In the instant case, plaintiff contends that the amendment to count II set out sufficient facts to constitute a cause of action for implied indemnity. We agree.

■■ A third-party complaint in an action for indemnity must allege a duty to indemnify arising from the pre-tort relationship of the parties, and a qualitative, *i.e.*, active-passive, relationship between the negligence of the third-party plaintiff and third-party defendant. *Zajac v. Illinois Heating & Ventilating Co.* (1980), 82 Ill. App. 3d 1148, 403 N.E.2d 674.

Because this case is before us on the pleadings, we are governed by the rule enunciated in *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790, where the court held that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover.

■■ As the court explained in *Solar v. Dominick's Finer Foods, Inc.* (1978), 65 Ill. App. 3d 192, 196, 382 N.E.2d 581, "This theory springs from the well rooted conviction among courts and lawyers that the right to amend should be liberally granted. This situation is even more pronounced in the troublesome cases involving indemnity."

Ready cites *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368, for the general proposition that it cannot be held liable for merely following plans provided by the architect and owner.

This is only a partial recitation of the rule expressed in *Hunt*, which further provides that if the contractor carefully carries out the specifications provided him, he is justified in relying upon the adequacy of the specifications, unless they are so obviously dangerous that no competent contractor would follow them.

In addition, a number of cases in Illinois have held that a contractor is not liable for damages if he (1) performs his work in accordance with the plans and specifications furnished by the owner, and (2) does so in a workmanlike manner. (*Georgetown Township High School District No. 218 v. Hardy* (1976), 38 Ill. App. 3d 722, 349 N.E.2d 88.) Breach of either of these two duties can give rise to a cause of action. *Endurance Paving Co. v. Pappas* (1969), 117 Ill. App. 2d 81, 253 N.E.2d 895.

In the present case, paragraph 6 of Venture's amendment to count II alleges, in the alternative, that Ready either deviated from performing its work in accordance with the plans, or else complied with plans which were so obviously dangerous that no competent contractor would follow them. Plaintiff therefore alleged, with sufficient clarity, a violation by defendant of his duties to plaintiff. The amendment further alleged a qualitative distinction between the conduct of Venture and the conduct of Ready; that is, it properly alleged that Ready was the active tortfeasor while Venture's fault was merely passive.

■■ Accordingly, we find that Venture's amendment to count II contains sufficient allegations of fact indicating a qualitative distinction between the conduct of the parties, and a pre-tort relationship giving rise to a duty on the part of Ready to indemnify. Therefore, we conclude that the trial court erred in dismissing Venture's third-party complaint without a trial on the merits. *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630.

For the foregoing reasons, we reverse the order of the circuit court of Cook County dismissing Venture's amended third-party complaint and denying leave to vacate the dismissal and file the amendment to count II of the third-party complaint, and we remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.