KENNETH DAVID ALLISON *et al.*, Plaintiffs, v. SHELL OIL COMPANY *et al.*, Defendants and Third-Party Plaintiffs-Appellees (Strange & Coleman, Inc., Third-Party Defendant-Appellant).

Fifth District   No. 5—83—0521

Opinion filed April 1, 1985.

KARNS, J., specially concurring.

Lawrence O. Taliana, of Edwardsville, for appellant.

Allen D. Allred, of Thompson & Mitchell, of East St. Louis, for appellee Shell Oil Company.

Robert D. Francis, of Dunham, Boman & Leskera, of East St. Louis, for appellee J.J. Wuellner & Sons, Inc.

JUSTICE KASSERMAN delivered the opinion of the court:

Third-party defendant, Strange & Coleman, Inc. (Strange & Coleman), appeals from a judgment in favor of defendants and third-party plaintiffs, Shell Oil Company (Shell Oil) and J. J. Wuellner & Sons, Inc. (Wuellner). On appeal, Strange & Coleman urge, *inter alia*, that: (1) the trial court erred in submitting indemnity theories to the jury; (2) Shell Oil was not entitled to indemnity from Strange & Coleman as a matter of law; (3) Strange & Coleman was entitled to indemnity from Wuellner as a matter of law; (4) Wuellner was not entitled to indemnity from Strange & Coleman as a matter of law; (5) the trial court erred in submitting indemnity and contribution theories to the jury simultaneously; and (6) the trial court erroneously admitted certain evidence. In its brief and argument on appeal, Strange & Coleman raises the issue of the viability of indemnity after the enactment of the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*).

The evidence adduced at trial indicates that on August 2, 1979, Shell Oil entered into a contract with Strange & Coleman under which Strange & Coleman was to rebuild a "catcracker unit" at Shell Oil's refinery located in Wood River. Strange & Coleman, in turn, subcontracted with Wuellner, which agreed to provide scaffolding for the construction.

On October 20, 1979, plaintiff, Kenneth David Allison, who was employed by Strange & Coleman as a boilermaker, was injured during the construction project at Shell Oil's refinery. Plaintiff's injury occurred when he fell from a board which extended from the scaffolding which had been constructed at the site. Plaintiff filed suit under the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69) against Shell Oil and Wuellner. Shell Oil and Wuellner subsequently filed a third-party action against Strange & Coleman.

The third-party proceedings were submitted to a jury, which was instructed on both the theories of indemnity and contribution. Specifically, the jury was instructed to first consider the claims for indemnification made by Shell Oil, Wuellner, and Strange & Coleman. The jury was then instructed that if it found that two parties were entitled to indemnity, it should disregard an additional instruction it was given covering the theory of contribution. The jury was further instructed that with respect to parties found not to be entitled to indemnity, the theory of contribution must be considered.

The jury awarded Shell Oil and Wuellner complete indemnity from Strange & Coleman. All parties agreed to settle with plaintiff for $240,000, and this amount was paid to plaintiff by Strange &

Coleman pursuant to the settlement agreement. Strange & Coleman brought this appeal contending, *inter alia,* that the circuit court of Madison County erred in submitting an indemnity theory to the jury.

The dispositive questions presented are whether the Illinois Contribution Among Joint Tortfeasors Act replaces implied indemnity and, if so, to what extent it does so. These are questions which our supreme court has recognized as existing but have yet to rule upon. (*Vam Slambrouck v. Economy Baler Co.* (1985), 105 Ill. 2d 462, 470-71; *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 453-54; *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 350-51, 459 N.E.2d 935, 938-39.) Furthermore, an analysis of the relatively large number of law review articles which have considered these issues discloses no persuasive guide for their determination. See Anich, *Implied Indemnity After Skinner and the Illinois Contribution Act: The Case for a Uniform Standard,* 14 Loy. U. Chi. L.J. 531 (1983); Widland, *Contribution: The End to Active-Passive Indemnity,* 69 Ill. Bar. J. 78 (1980); Appel & Michael, *Contribution Among Joint Tortfeasors in Illinois: An Opportunity for Legislative and Judicial Cooperation,* 10 Loy. U. Chi. L.J. 169 (1979); Ferrini, *The Evolution from Indemnity to Contribution—A Question of the Future, If Any, of Indemnity,* 59 Chi. Bar. Rec. 254 (1978).

In *Morizzo v. Laverdure* (1984), 127 Ill. App. 3d 767, 772-73, 469 N.E.2d 653, 657-58, the court observed that the Illinois Contribution Among Joint Tortfeasors Act is based upon a New York statute but does not include a provision preserving the right of indemnity, as does the New York statute. The court reasoned that the failure of the Illinois legislature to preserve the right of indemnity might suggest an intent to entirely eliminate the judicially created right to indemnity; however, although the Contribution Act did, in fact, extinguish a cause of action for active-passive negligence, implied indemnity was not extinguished by the passage of the Act in cases involving some pretort relationship between the parties which gives rise to "a duty to indemnity, *e.g.,* in cases involving vicarious liability (lessor-lessee; employer-employee; owner and lessee; master and servant)" and " 'upstream' claims in a strict liability action" as stated in *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 97, 463 N.E.2d 792, 805. (*Morizzo v. Laverdure* (1984), 127 Ill. App. 3d 767, 772-73, 469 N.E.2d 653, 657-58.) We find this logic compelling and similarly conclude that the right to indemnity has been altered by the enactment of the Contribution Among Joint Tortfeasors Act only to the extent that it involves causes of action for implied indemnity based upon the theory of active-passive negli-

gence.

In so finding, we note that there is contrary authority which suggests that the Contribution Among Joint Tortfeasors Act does not alter the right to indemnity in Illinois in any respect. See *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 613, 422 N.E.2d 979, 981.

We would further note that the cases of *LeMaster v. Amsted Industries, Inc.* (1982), 110 Ill. App. 3d 729, 442 N.E.2d 1367, and *Bednar v. Venture Store, Inc.* (1982), 106 Ill. App. 3d 454, 436 N.E.2d 46, which the parties have relied upon, do not specifically consider the issue of the effect of the Contribution Among Joint Tortfeasors Act on indemnity. In *LeMaster* this court held that an otherwise valid complaint for indemnity should not be dismissed merely because the third party defendant settles with the original plaintiff. In *Bednar* the court noted that since the cause of action in that case arose prior to March 1, 1978, the Contribution Among Joint Tortfeasors Act did not apply. (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*) These cases offer mere *dicta* on the question of the effect of the Contribution Among Joint Tortfeasors Act on indemnity.

■ It is significant to note that it has long been recognized that implied indemnity in tort based on the theory of active-passive negligence was judicially created to avoid the harsh consequences of the common law rule barring contribution among tortfeasors. However, the decision of the supreme court in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, *cert. denied sub nom. Hinckley Plastic, Inc. v. Reed-Prentice Division Package Machinery Co.* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849, repudiated the common law prohibition against contribution among tortfeasors. *Skinner* was subsequently codified in the Contribution Act. With the advent of *Skinner* and the Contribution Act, the need no longer exists for retention of the judicially invented policy of permitting implied indemnity on the theory of active-passive negligence in claims among tortfeasors. To this extent, we conclude that the Contribution Act precludes recovery on the basis of implied indemnity. However, we adopt the rationale of those Illinois decisions which conclude that the Contribution Among Joint Tortfeasors Act does not extinguish implied indemnity in cases involving a pretort relationship between the parties in cases which give rise to a duty to indemnify. We find that indemnity is a viable cause of action in Illinois where the following pretort relationships exist: (1) master and servant; (2) employer and employee; (3) lessor and lessee; and (4) owner and his lessee. (See *Van Slambrouck v.*

*Economy Baler Co.* (1985), 105 Ill. 2d 462, 469.) We find this conclusion to be in accordance with the Illinois Judicial Conference Study Committee on Indemnity, Third Party Actions and Equitable Contributions' recommendation "that indemnity be limited to its common law uses once contribution is accepted as the law." Report of the Illinois Judicial Conference 219-20 (1976).

We further conclude that causes of action for implied indemnity have not been extinguished by the Contribution Act for "upstream" claims in a strict liability action. As this court observed in *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 96-97, 463 N.E.2d 792, 805, indemnity based upon strict liability is unique because it is derived from the public policy of placing the ultimate burden of liability on the party who has placed a defective product in the stream of commerce. With this important policy consideration in mind, we concur with the opinions of *Morizzo* and *Lowe* and conclude that implied "upstream" indemnity is a viable cause of action in strict liability cases.

■ The instant case arises out of the Structural Work Act and, therefore, does not fall within the classic pretort relationships which would give rise to a duty to indemnify, nor is it a strict liability case. We note that the Illinois Judicial Conference Study Committee on Indemnity, Third Party Actions and Equitable Contributions recognized that implied indemnity had been granted in cases arising under the Structural Work Act. Furthermore, it recommended "that contribution be extended to Structural Work Act cases, permitting a more equitable apportionment of damages truly based on 'degrees of fault.' " (Report of the Illinois Judicial Conference 220 (1976).) We conclude that the committee's recommendation is a sound approach given the facts of the instant case. In this proceeding, as in many Structural Work Act cases, fault among the various defendants reasonably could be apportioned. While it was Strange & Coleman's employees who placed the board from which plaintiff fell, it was Wuellner's responsibility to construct the scaffolding and it was Shell Oil who controlled the premises. We are of the opinion that it is a better policy in Structural Work Act cases to allow juries to impose liability based upon a comparison of degrees of culpability rather than have them select one among many culpable parties to bear the full responsibility for an injury.

■ We conclude, therefore, that the third-party action in the case at bar is controlled by the theory of contribution alone and that the trial court erred in submitting the case to the jury on the theory of indemnity as well as the theory of contribution. It is critical that

under the instructions given by the trial court, the jury was invited to award complete indemnity because it was instructed to consider the indemnification claims prior to considering the claims for contribution. Thus, the court impermissibly left to the jury the determination of whether any of the parties were entitled to indemnification or whether the claims for contribution should be considered by it. The jury found that third-party plaintiffs were entitled to indemnity; therefore, it was not required to apportion the fault under the instructions. We conclude that these erroneous instructions given in the instant case constituted reversible error.

In view of the foregoing, it is unnecessary for us to consider the other issues raised by this appeal.

Accordingly, the judgment of the circuit court of Madison County is reversed and the cause is remanded for a new trial on the third-party complaint.

Reversed and remanded.

JONES, P.J., concurs.

JUSTICE KARNS, specially concurring:

I concur in the decision reached by the majority. However, it is only necessary to decide that indemnity based on principles of active-passive fault has been abolished by the adoption of contribution in Illinois. The discussion of indemnity based on some pretort relationship and "upstream" indemnity in strict liability is unnecessary to resolve the more narrow question before the court. In fact, a different panel of this court has recently reached the opposite conclusion as to "upstream" indemnity in a case where that issue was before the court. *Holmes v. Sahara Coal Company* (1985), 131 Ill. App. 3d 666.