Bobby RALSTON, Plaintiff,

v.

GALLO EQUIPMENT CO., Defendant.

GALLO EQUIPMENT CO.,
Defendant/Third–Party
Plaintiff,

v.

GR–AMTEC, A SUBSIDIARY OF GEN-
ERAL REFRACTORIES CO., a Penn-
sylvania corporation, Third–Party De-
fendant.

No. 89 C 06183.

United States District Court,
N.D. Illinois, E.D.

Sept. 17, 1990.

John C. Mullen, Christopher Mullen, Cyn-
thia L. Mullen, Cynthia L. Chase, Mary R.
Minella, Mullen Minella & Chase, Edward
Janski, Ronald J. Scaletta, Chicago, Ill., for
plaintiff.

Thomas P. Mangan, Law Offices of
James J. Desveaux, Donald Segal, Segal
McCambridge Singer & Mahoney, Ltd.,
Marthe C. Purmal, Chicago, Ill., for defen-
dant.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Gallo Equipment Co. ("Gallo") brought a
third-party complaint against GR–Amtec, a
subsidiary of General Refractories Co.
("General Refractories"),[1] seeking indemni-
fication and contribution for any judgment
rendered against it in the primary litiga-
tion. General Refractories now moves for
Rule 12(b)(6) dismissal for failure to state a
claim upon which relief can be granted.
Fed.R.Civ.P. 12(b)(6). We grant that dis-
missal for the reasons set forth below.

---

1. GR–Amtec is apparently no longer in business, so we will refer to the third-party defendant as General Refractories.

## I.

Plaintiff Bobby Ralston initiated a diversity action [2] grounded in negligence against Gallo for injuries sustained in a forklift accident. Gallo leased the forklift to Ralston's employer, GR–Amtec. Ralston fell from a height of approximately ten feet when the extended tines of the forklift, on which he was standing, collapsed. He had been in the process of cleaning a conveyer system when the mishap took place.

Gallo's third-party complaint against General Refractories contains two counts. Count I seeks contractual indemnification on the strength of a clause in the forklift rental agreement. That clause, in pertinent part, reads as follows:

8. LESSEE [General Refractories] assumes all risk and liability for and agrees to indemnify, save and hold LESSOR [Gallo] harmless from all claims and liens, all loss of or damage to the Equipment and all loss, damage, claims, penalties, liability and expenses, including attorney's fees, howsoever arising or incurred because of the Equipment or the storage, use or operation thereof....

Count II of the third-party complaint seeks contribution from General Refractories under the Illinois Contribution Act, Ill.Ann. Stat. ch. 70, paras. 301–305 (Smith–Hurd 1979). Essentially, Gallo charges that General Refractories, as Ralston's employer, failed to properly train and supervise Ralston, and directed him to improperly use the forklift. Both counts of the third-party complaint are contingent upon Ralston receiving judgment in the primary suit.

## II.

■ The applicable dismissal standard is clear: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

Gallo frames the motion to dismiss as a conflict of laws issue. In arguing that Illinois law should apply instead of Indiana law, Gallo baldly asserts that "[t]he relevant policies of the forum of Illinois allows for contribution and indemnification." Response Brief at 3.

We need not determine which forum's law applies, however, because both Illinois and Indiana strongly disfavor contractual indemnification for one's own negligence. *See Davis v. Marathon Oil Co.*, 64 Ill.2d 380, 396–97, 1 Ill.Dec. 93, 100–01, 356 N.E.2d 93, 100–01 (1976); *Zadak v. Cannon*, 59 Ill.2d 118, 120–22, 319 N.E.2d 469, 471–72 (1974); *Tatar v. Maxon Constr. Co.*, 54 Ill.2d 64, 67–68, 294 N.E.2d 272, 273–74 (1973); *Westinghouse Elec. Elevator Co. v. La Salle Monroe Bldg. Corp.*, 395 Ill. 429, 433–34, 70 N.E.2d 604, 607 (1947); *Schuch v. University of Chicago*, 87 Ill.App.3d 856, 858–60, 43 Ill.Dec. 258, 260–62, 410 N.E.2d 258, 260–62 (1st Dist. 1980); *Dohm & Nelke v. Wilson Foods Corp.*, 531 N.E.2d 512, 514 (Ind.Ct.App. 1988); *Maxon Corp. v. Tyler Pipe Indus., Inc.*, 497 N.E.2d 570, 580–81 (Ind.Ct.App. 1986); *Sink & Edwards, Inc. v. Huber, Hunt & Nichols, Inc.*, 458 N.E.2d 291, 294 (Ind.Ct.App.1984); *Indiana State Highway Comm'n v. Thomas*, 169 Ind.App. 13, 27–28, 346 N.E.2d 252, 261 (1976).

The seminal case in Illinois is *Westinghouse Electric*. There, the Illinois Supreme Court noted that "an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract ... or such intention is expressed in unequivocal terms." *Westinghouse Electric*, 395 Ill. at 433, 70 N.E.2d at 607. The indemnity clause in *Westinghouse Electric* is virtually indistinguishable in all key respects from the one set forth in the forklift rental agreement here. *Id.* at 432, 70 N.E.2d at 606 ("wholly harmless from any damages, claims, demands or suit by any person or

**2.** Ralston is a citizen of Indiana. Gallo is a citizen of Illinois, with its principal place of business in Chicago. General Refractories is a citizen of Pennsylvania. The forklift accident occurred on GR–Amtec's premises in Gary, Indiana. Ralston alleges an amount in controversy in excess of $50,000. 28 U.S.C. § 1332 (1988).

persons arising out of any acts or omissions by the Contractor, his agents, servants or employes [sic] in the course of any work done ...").

Indiana case law similarly reflects a grave reluctance to extend broad, general indemnity clauses to cover one's own negligence. Indeed, "explicit reference to the indemnitee's negligence is a prerequisite to his indemnification therefor." *Indiana State Highway Comm'n,* 169 Ind.App. at 28, 346 N.E.2d at 261. Like the clause in *Westinghouse Electric,* the indemnity clause at issue in *Indiana State Highway Commission* is nearly identical to the one at issue here. *Id.* at 25, 346 N.E.2d at 259 ("The Contractor shall indemnify [the state] from all suits, actions or claims of any character brought on account of any injuries or damages sustained by any persons or property from any neglect in safeguarding the work ...").

Absent some more explicit indication that the rental agreement clause requires General Refractories to indemnify Gallo for Gallo's own negligence, if any, the broadly phrased, nonspecific indemnity clause in the agreement will not suffice to provide that coverage. *See e.g., Westinghouse Electric,* 395 Ill. at 433, 70 N.E.2d at 607; *Indiana State Highway Comm'n,* 169 Ind. App. at 28, 346 N.E.2d at 261.

### III.

Gallo fails to meaningfully address the dismissal arguments set forth by General Refractories with respect to the contribution claim (Count II). A brief discussion will therefore resolve the matter.

In a diversity action, the governing choice-of-law principles are those of the state in which the district court is located. *McIntosh v. Magna Sys., Inc.,* 539 F.Supp. 1185, 1188 (N.D.Ill.1982) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941)). In tort actions, Illinois employs the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *Id.; see also Ingersoll v. Klein,* 46 Ill.2d 42, 45, 262 N.E.2d 593, 596 (1970). This test dictates that in a situation where

the injury occurred in Indiana, involving an Indiana citizen working for an Indiana employer using a forklift rented for use only in Indiana, Indiana law will apply.

Gallo's contribution claim must be dismissed for two reasons. First, contribution between joint tortfeasors is prohibited in Indiana. *Elcona Homes Corp. v. McMillan Bloedell, Ltd.,* 475 N.E.2d 713, 715 (Ind.Ct.App.1985). Second, the Illinois Contribution Act has no extraterritorial application; it does not apply to a tort that took place in Indiana. *Summar v. Indiana Harbor Belt R.R.,* 147 Ill.App.3d 851, 856–56a, 113 Ill.Dec. 321, 324, 515 N.E.2d 130, 133 (1st Dist.1986).

Because indemnification for one's own negligence is not permitted in Illinois or Indiana without a more explicit justification than Gallo has shown here, and because Gallo is not entitled to contribution, we grant General Refractories' motion for dismissal under Rule 12(b)(6). It is so ordered.