JAMES K. WIENKE, Indiv. and as Adm'r of the Estate of Kenneth Wienke, Deceased, *et al.*, Plaintiffs-Appellants, *v.* CHAMPAIGN COUNTY GRAIN ASSOCIATION *et al.*, Defendants-Appellees.

Fourth District    No. 4—82—0708

Opinion filed April 11, 1983.

Richard B. Opsahl, of Rantoul, for appellants.

T. G. Knappenberger, Jr., of Champaign, for appellees.

JUSTICE GREEN delivered the opinion of the court:

Plaintiffs, James K. Wienke, individually and as administrator of the estate of Kenneth Wienke, deceased, and Harold G. Kilian, individually and as administrator of the estate of Brett Kilian, deceased, appeal judgments of the circuit court of Champaign County entered August 10, 1982, and September 28, 1982, which together dismissed with prejudice their entire first amended complaint against defendants, Champaign County Grain Association, an Illinois corporation, Marvin Grissom, and Leon Ullrich. The action allegedly arose from an automobile collision at St. Joseph, Illinois, on November 6, 1979. There, plaintiffs' decedents were killed while riding in an automobile which was hit in the rear by one driven by Michael Eiskamp. The complaint sought recovery for the wrongful death of the decedents, the expenses of their funerals, and damages to the automobile in which the decedents were riding.

The thrust of the complaint was that: (1) on the day of the collision, Eiskamp and defendants Grissom and Ullrich were employees of

the defendant Association and worked at an elevator operated by it at St. Joseph; (2) on that day from 12:30 until 7:30 p.m., the Association was entertaining and serving intoxicants to its customers, employees and independent truck drivers at the elevator for the purpose of building good will; (3) in the scope of their employment, Grissom and Ullrich provided Eiskamp with intoxicants causing him to become intoxicated and continued to do so after they knew he was intoxicated; (4) the aforesaid employees then drove Eiskamp, while he was noticeably intoxicated, to another elevator owned by the Association, four miles away, where Eiskamp had parked his automobile; (5) when leaving Eiskamp with his automobile, the two employees knew he was intoxicated and likely to drive his automobile at a reckless speed; and (6) approximately 40 minutes after Eiskamp was served his last drink, he did drive his automobile in that manner causing the collision previously described.

Plaintiffs maintain the first amended complaint was sufficient to allege defendants to be guilty of tortious acts in (1) serving Eiskamp the intoxicants knowing that he was intoxicated, and (2) driving him to his automobile, when at all times it appeared likely he would drive the automobile recklessly and likely injure others. Plaintiffs make no contention that defendants are subject to the Dramshop Act (Ill. Rev. Stat. 1981, ch. 43, par. 130). They seek recovery at common law. The parties dispute whether the complaint (1) alleged a breach of duty owed by defendants to plaintiffs and their decedents, and (2) whether a breach of any such duty was a proximate cause of the fatal collision. We need not answer the question of whether proximate cause was shown. We conclude that no breach of duty was shown.

Our decision is based largely on the precedent of the decisions of this court in *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 1046, and *Gustafson v. Mathews* (1982), 109 Ill. App. 3d 884, 441 N.E.2d 388. These cases concern the question of whether there is a cause of action at common law for damages received by one injured by an intoxicated driver against persons who, knowing the driver to be intoxicated and likely to drive recklessly, either furnish the driver with intoxicants or aid him in getting to his automobile, or both.

*Miller* concerned the sufficiency of a complaint alleging that the defendant served intoxicants at a fish fry to a person known to be intoxicated and known to be likely to drive recklessly when in that condition. We held that the complaint stated no cause of action in favor of a person injured in a collision caused by the driver shortly after he left the fish fry. In refusing to create a common law cause of action, we noted that to do so would impose an unlimited liability on the

server while the dramshop that serves such a person would have a liability limited as to amount. (Ill. Rev. Stat. 1979, ch. 43, par. 135.) *Miller* was followed in *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710.

In *Gustafson*, we also upheld the trial court's dismissal of a complaint attempting to effectuate a common law remedy against others for injuries resulting from the negligent driving of an intoxicated person. The defendants were two tavern operators who were alleged to have furnished liquor to the intoxicated driver. The plaintiff was the driver's widow suing as a personal representative of the estates of four of their children and guardian of a fifth child. The complaint alleged that all of the five children were riding with the driver when he collided with another vehicle, killing himself and the four children and injuring the fifth. The plaintiff maintained, as here, that the tavern operators furnished the driver with liquor knowing him to be intoxicated and then helped him to his car in their respective parking lots knowing of his condition and of the likelihood he would drive recklessly. The plaintiff had failed to timely file suit under the Dramshop Act. Ill. Rev. Stat. 1977, ch. 43, par. 135.

We decided that the collision alleged in *Gustafson* would obviously have been foreseeable to the tavern employees, but more than foreseeability was required to show a breach of duties on their parts. Citing *Lance v. Senior* (1967), 36 Ill. 2d 516, 518, 224 N.E.2d 231, 233, we concluded it would be unduly burdensome on one who might aid another to an automobile to require that person to ascertain whether the person was in condition to drive the automobile. We held this to be so even if the entity that aided the person in reaching the automobile was the entity that had served the intoxicants bringing the driver's fitness to drive into question.

The allegations in the instant case differed from those in *Gustafson* only in that (1) there, the intoxicated person was a customer of the dramshop serving the liquor, while here, the intoxicated person was an employee of a corporate defendant and a coemployee of the other defendants; and (2) the aid given to the intoxicated person in reaching his car was greater here. As far as the element of serving liquor is concerned, the allegations here differ from those in *Miller* only in that the relationship between the defendants and the intoxicated person here differ from the host-guest relationship there. We do not consider those differences to be of controlling significance.

We noted in *Miller* the supreme court's statement in *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 29, 174 N.E.2d 153, 156, that in enacting the Dramshop Act, the legislature "intended to create a remedy

in an area where it believed none existed." Unlike here, the defendants in *Gustafson* were subject to the provisions of the Dramshop Act. However, in that case, where dramshop remedies could not be claimed, the provisions of that act would not affect their liability. As we indicated in *Miller*, the Dramshop Act was not intended to be a limitation on common law liability and would not, of itself, distinguish the situation of the defendants in *Gustafson* and in this case.

Plaintiffs maintain that defendants here should be held to a duty to the public which was not imposed upon the defendants in *Gustafson* and *Miller*, because the intoxicated person here (Eiskamp) was alleged to be an employee of the defendant Association and a coemployee of the other defendants. Plaintiffs maintain that as a result of the employment relationship, defendants had a greater control over the intoxicated person than in those cases. However, in *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801, an allegation that an intoxicated person was an employee of the defendant and had been permitted to become intoxicated during work was held to be an insufficient basis to impose liability on the defendant-employer for damages sustained by those injured by the employee as a result of his subsequent drunken driving. The complaint alleged that the employer knew the intoxicated employee would soon be driving home. Unlike the complaint in the instant case, there, the complaint contained no allegation that the defendant-employer served or furnished the liquor to the intoxicated employee. Nevertheless, the element of control would have been the same. We likewise conclude that the existence of the employment relationship is not a sufficient difference from the situation in *Gustafson* or *Miller* for us to impose a duty on the employer for injury to third parties inflicted outside the scope of the employment relationship.

The difference between merely helping the intoxicated person to a car in a parking lot as alleged in *Gustafson,* and the driving of the intoxicated person four miles to his car, as alleged here, is also an insufficient difference to be determinative of liability.

Plaintiffs point out that from *Cruse v. Aden* (1889), 127 Ill. 231, 234, through *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 29-30, 174 N.E.2d 153, 157, and *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 5, 440 N.E.2d 112, 114, the supreme court has stated that no common law tort arises from the furnishing of liquor to a "strong and able bodied man" thus leaving open the question of whether common law tort liability would arise from furnishing liquor to one who was not "able bodied" by reason of intoxication. In *Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 248 N.E.2d 657, suit

was brought in Illinois against an Illinois dramshop operator for having sold liquor to an intoxicated motorist who then injured the plaintiff in Wisconsin. The supreme court ruled that the trial court's dismissal of counts under both the Dramshop Act and at common law were proper. The court held that the Dramshop Act had no extraterritorial effect and could not be the basis for recovery. It stated that the dismissal of the common law count was correct because neither Wisconsin nor Illinois recognized a common law action of this nature against a tavern keeper. It cited *Cunningham* as holding that the only such action against a tavern keeper was under the Dramshop Act.

Plaintiffs maintain that it was the preemption by the Dramshop Act rather than the lack of an otherwise existing common law liability that was the rationale of *Graham*. We adhere to the view indicated in *Miller* that *Cunningham* held that the Dramshop Act was enacted in the absence of common law liability rather than as a limitation upon liability. Although the *Cunningham* court indicated that it might create a common law action, it did not do so and has not done so. The only opinion of a court of review of this State stating that there is a common-law tort liability to third persons arising from the furnishing of liquor in *Colligan v. Cousar* (1963), 38 Ill. App. 2d 392, 187 N.E.2d 292, where the appellate court for the first district was called upon to determine the common law of Indiana in regard to such an action. It stated that it presumed the Indiana law to be the same as Illinois law and that Illinois recognized such an action. The court reversed a judgment on the pleadings in favor of the defendants to a count seeking recovery at common law by a person injured in Indiana by a person who had become intoxicated by liquor sold by the defendant-vendor in Illinois. Any precedent of this case was apparently overruled by *Graham* where under similar circumstances, the supreme court stated that Illinois recognized no common-law cause of action.

Plaintiffs emphasize that their claim for relief is based upon the totality of the circumstances alleged in their complaint. That would include the furnishing of the intoxicants by employees of the defendant Association, the knowledge that Eiskamp was intoxicated and likely to drive recklessly, and driving Eiskamp four miles to his automobile. However, as we have stated, we adhere to the view in *Miller* that, as stated in *Cunningham*, there was no common-law tort remedy arising from furnishing the liquor at the time of the enactment of the Dramshop Act. We find no precedent of this State for the existence of such a remedy even when, as in this case, the party furnishing the liquor is alleged to have driven the intoxicated person to his car. For us to now proclaim such a remedy would require us to overrule *Gustafson*. It

would also require us to overrule *Miller* unless the tort would be held to exist only when the party furnishing the liquor also aids the intoxicated person in gaining control of the instrument used to inflict damage. As we stated in *Miller*, the imposition of such liability would create a situation where the liability against a party not in the business of selling liquor would be unlimited while that against the tavern keeper would be limited.

The supreme court stated in *Graham* that any determination to give extraterritorial effect to the Dramshop Act should come from the legislature. As the remedy envisioned by plaintiffs involves matters interwoven with that act, a similar argument can be made that any recognition of such remedy should come from the legislature. The imposition of the unlimited liability sought would impose a heavy burden upon those who serve liquor to others or who aid others who may be intoxicated in getting to their automobiles. We find no such cause of action to have previously existed and reject any request that we now proclaim its existence.

In addition to their other arguments, plaintiffs seek to analogize the defendants' alleged furnishing of a ride to Eiskamp with the duty imposed upon an insurance company that had inspected an insured's elevator in *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769. There, the court held that the inspection of the elevator was not merely for the purpose of the insurance company's appraisal of its risk but was also intended to be for the benefit of those using the elevator. Accordingly, the insurance company was held to be liable for a negligent inspection when a defect which should have been discovered caused the elevator to fall. Here, there is no way that the defendants' transporting Eiskamp to his car could be deemed to have been for the benefit of the traveling public.

For the reasons stated, the trial court's judgments dismissing all the counts of the second amended complaint are affirmed.

Affirmed.

WEBBER, P.J., and MILLS, J., concur.