WALTER C. GAMLIN, Plaintiff, v. PAUL BIEGLER, Defendant and Third-Party Plaintiff-Appellant (Clarence Wallace *et al.*, Third-Party Defendants-Appellees).

Fifth District   No. 5—83—0654

Opinion filed November 9, 1984.—Rehearing denied December 3, 1984.

HARRISON, J., dissenting.

David A. Bloch, of Burroughs, Simpson, Wilson, Hepler, Broom & McCarthy, of Edwardsville, for appellant.

John L. McMullin and Thomas J. Horn, both of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant and third-party plaintiff, Dr. Paul Biegler, appeals from orders of the circuit court of St. Clair County dismissing his third-party complaint against Tilghman Tade, Clarence Wallace, and Stephen Tade. This cause previously has been appealed to this court, but it was then determined, in an unpublished opinion filed pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23), that the order appealed from was not a final disposition of the third-party action and, therefore, was not appealable. *Gamblin v. Biegler [sic]* (1983), 112 Ill. App. 3d 1174 (Rule 23 order).

The record before us, which consists, *inter alia*, of the pleadings, depositions, and answers to interrogatories, reveals the following: The original complaint in this cause was filed by Walter C. Gamlin, plaintiff, for injuries he allegedly received on December 21, 1979, due to the negligence of Dr. Biegler, who "consumed excessive amounts of alcoholic beverages" and consequently fell on the plaintiff, knocking plaintiff to the ground and breaking the plaintiff's wrist. It appears that Dr. Biegler, a dentist, was a guest at a Christmas party given by Tilghman Tade at Mr. Tade's place of business, Tade Dental Laboratory. Dr. Biegler, who was a client of Tade Dental Laboratory, became intoxicated and "passed out" at the party. Tilghman Tade directed three of his employees, Walter C. Gamlin, plaintiff, and Clarence Wallace and Stephen Tade, to take Dr. Biegler home. The three men transported Dr. Biegler to his residence and propped him on the rear bumper of Dr. Biegler's car. According to Gamlin, when Clarence Wallace and Stephen Tade left to open the door to Dr. Biegler's house, Dr. Biegler stood up and fell on top of the plaintiff, causing the injury to plaintiff complained of in the original suit.

In his second amended third-party complaint, Dr. Biegler based his theory of recovery against Tilghman Tade on the fact that "as the employer of the plaintiff [Gamlin], [Mr. Tade] failed to provide plaintiff with a safe place to work, in that he failed to provide plaintiff with a sufficient number of competent co-workers to perform the work of transporting [Dr. Biegler] from the premises ***." Dr. Biegler also alleged that Clarence Wallace and Stephen Tade acted negligently because "in the exercise of reasonable care [they] should have known, that [Dr. Biegler] was likely to act erratically and knock plaintiff to the ground, if plaintiff were left alone with [Dr. Biegler]."

Tilghman Tade, Clarence Wallace, and Stephen Tade all filed motions to dismiss Dr. Biegler's third-party complaint. These motions were granted by the trial court and Dr. Biegler perfected this appeal.

This appeal presents the issue of whether Dr. Biegler's third-party complaint states a cause of action against Tilghman Tade, Clarence Wallace, or Stephen Tade under the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*).

Dr. Biegler first contends that his third-party complaint alleged a sufficient duty of care owed by Tilghman Tade to the plaintiff to withstand a motion to dismiss. Dr. Biegler maintains that Tilghman Tade, as the plaintiff's employer, owed the plaintiff a duty to furnish a safe place to work and that this duty included supplying a sufficient number of competent co-employees to carry an intoxicated customer home from a Christmas party.

The third-party defendants suggest that Dr. Biegler's action is contrary to the decided cases. They argue, as they did in the trial court, that under *Wienke v. Champaign County Grain Association* (1983), 113 Ill. App. 3d 1005, 447 N.E.2d 1388, Dr. Biegler's cause of action must be dismissed. However, Dr. Biegler contends, and we agree, that *Wienke* is distinguishable. *Wienke* concerns liability imposed on persons "who, knowing the driver to be intoxicated and likely to drive recklessly, either furnish the driver with intoxicants or aid him in getting to his automobile, or both." (113 Ill. App. 3d 1005, 1006, 447 N.E.2d 1388, 1389.) This is not the situation we face in the instant case.

We reject Dr. Biegler's contention that an employer's duty to provide a safe place for his employees to work includes a requirement that the employer appoint an adequate number of employees to accompany an intoxicated client home from an office party. We find the cases relied upon by Dr. Biegler, such as *Supple v. Agnew* (1901), 191 Ill. 439, 61 N.E. 392, to be inapposite. The application of the rationale of such cases to the case at bar would be an unwarranted extension of an employer's duty to employ a sufficient number of employees to perform the work for which the employees were hired.

In this regard, the question of whether a duty exists in a particular case and the scope or range of protection of such duty are questions of law. (*Lemings v. Collinsville School District No. 10* (1983), 118 Ill. App. 3d 363, 368, 454 N.E.2d 1139, 1142 (Jones, J., concurring).) The determination of whether a duty exists depends not only on the foreseeability of harm but involves other policy considerations as well. (*Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 354-55, 367 N.E.2d 1250, 1253-54; *Zimmermann v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 1047, 462 N.E.2d 502, 506.) As stated by the court in *Renslow*, citing Prosser, Torts sec. 53, at 325-26 (4th ed. 1971), "duty" is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which leads the law to say that a particular plaintiff is entitled to protection. (*Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 356, 367 N.E.2d 1250, 1254.) Among these policy considerations are the magnitude of the risk involved in the defendant's conduct, the burden of requiring defendant to guard against that risk, and the consequences of placing that burden upon the defendant. *Nelson v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 655, 662-63, 465 N.E.2d 513, 519.

In the case at bar, we conclude that the duty of an employer to provide his employees a safe place to work does not require such employer to furnish sufficient personnel to accompany an intoxicated

client home from an office party in order to protect those employees from injuries resulting from the inebriation of such intoxicated client. Specifically, we find that the injury suffered by the plaintiff in the instant case falls beyond the scope of Tilghman Tade's duty, as an employer, to furnish his employees a safe place to work.

In so holding, we note that to impose such a duty upon the employer in the case at bar would be to punish him for attempting to assist such intoxicated client or customer, with resulting benefit to the intoxicated client. We conclude that this would not amount to sound social policy. Furthermore, while the absence of a qualitative difference in the nature of the conduct of the guilty parties is not ordinarily fatal to a claim for contribution (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935, 938), we are mindful of the fact that it was Dr. Biegler's voluntary intoxication which created the circumstances from which plaintiff's injury arose.

■ Dr. Biegler also contends that he properly alleged a duty owed the plaintiff by his co-employees Clarence Wallace and Stephen Tade. We disagree. Again, we are not persuaded that any duty of due care owed to the plaintiff by his fellow employees extends to the circumstances before us. We conclude that the injury plaintiff incurred was beyond the scope of any duty owed to plaintiff by the plaintiff's fellow employees to protect plaintiff from injury resulting from the fall of an intoxicated client or customer of their employer.

Moreover, were we to conclude that the plaintiff's injury fell within the scope of a duty owed to plaintiff by plaintiff's co-employees, we would, nevertheless, find that Dr. Biegler has failed to properly allege that the plaintiff's co-employees were guilty of a breach of such duty. In an action founded upon a breach of duty, facts must be pleaded which establish such a breach. (*Scroggins v. Allstate Insurance Co.* (1979), 74 Ill. App. 3d 1027, 1031, 393 N.E.2d 718, 721.) In the instant case, we conclude that merely leaving the plaintiff alone with the intoxicated Dr. Biegler, as was alleged, would not amount to a breach of any duty of care owed to the plaintiff by his co-employees.

We find that the trial court properly granted the third-party defendants' motions to dismiss, and we affirm its judgment.

Affirmed.

JONES, J., concurs.

JUSTICE HARRISON, dissenting:
I cannot agree with the majority's broad conclusion that, as a

matter of law, an employer is not required to appoint an adequate number of employees to accompany an intoxicated person home from an office function. It has long been recognized in Illinois that among the duties owed by an employer to his employees "is that of employing a sufficient number to do the work so far as may be necessary to enable them to do it in safety." (*Supple v. Agnew* (1901), 191 Ill. 439, 447, 61 N.E. 392.) While it might ultimately be established that that duty was not breached in this case, the only question before us at this time is whether the complaint was properly dismissed for failure to state a cause of action. It is well settled that, in construing a motion to dismiss for failure to state a cause of action, the complaint must be liberally construed, all facts well pleaded are admitted as true, and all reasonable inferences are drawn from them. (*Agee v. First National Bank* (1979), 68 Ill. App. 3d 794, 796, 386 N.E.2d 899.) A motion to dismiss should not be granted unless it is clearly evident that no set of facts under the pleading could exist which would entitle the plaintiff to relief. (*Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424, 425, 286 N.E.2d 25.) Given the recognized obligation of the employer to utilize enough employees to insure the safety of the workplace, and the clear allegation that that duty was breached here, the majority's conclusion that the complaint does not state a cause of action is simply incorrect. Because the complaint must be liberally construed, the cause of action alleged against the co-employees was also sufficient to withstand a motion to dismiss, given the duty of care owed by one employee to another. *Botthof v. Fenske* (1935), 280 Ill. App. 362, 366.