LARRY J. MOORE, Plaintiff-Appellant, v. DEBRA S. HILL *et al.*, Defendants-Appellees.

Fifth District   No. 5—86—0214

Opinion filed April 30, 1987.—Rehearing denied May 19, 1987.

John Paul Womick & Associates, Chartered, of Carbondale, for appellant.

Bleyer & Bleyer, of Marion, for appellee Debra S. Hill.

Mitchell & Armstrong, Ltd., of Marion, for appellee Norman Hill.

JUSTICE JONES delivered the opinion of the court:

Plaintiff appeals the entry of summary judgments in favor of both defendants in his action for damages for personal injuries he received when he was knocked or fell from a farm wagon during the course of a hayride. We affirm.

The plaintiff was a guest at a hayride and hot dog roast given by defendant Debra Hill and her husband Charles Allen Hill. Charles Allen Hill was not made a defendant to plaintiff's action. Charles Allen Hill borrowed a tractor from his brother, defendant Norman Hill, and borrowed two hay wagons from the Du Quoin fairgrounds manager. The wagons were hooked to the tractor in tandem. Charles Allen Hill drove the tractor and wagons with their guests to a cabin belonging to him and Debra where the hot dog roast was held. Defendant Norman Hill attended the hot dog roast but left early in his car. Charles Allen Hill drove the tractor and wagons on the return trip home, but, about one-quarter of a mile from their destination, Debra Hill sat on Charles Allen's lap and drove the tractor. At some time during the return trip some of the young adults that were along started throwing things, in a sort of "war between the wagons." At first it was shelled corn, but some of them began throwing ears of corn and ice from the coolers and "other things" not otherwise described. The plaintiff had called down one of the boys who was about to throw a chunk of ice from a cooler.

Shortly after that he was struck by a thrown object, which could have been corn or ice or something else. In any event, the object knocked plaintiff off the wagon. He landed on his feet but was unable to maintain his balance. Plaintiff fell and was run over by the wagons and received serious injuries to his legs.

Plaintiff filed a two-count complaint. Count I was directed at Debra Hill and alleged that she drove the tractor in a negligent manner in that she drove it at an excessive rate of speed and failed to keep a proper lookout for the safety of her passengers. Count II was directed at defendant Norman Hill and alleged that he knew or had reason to know that defendant Debra Hill was untrained and unable to operate a tractor and that he was negligent in failing to ensure that defendant Debra was capable of operating the tractor. Each defendant filed a motion for summary judgment. After considering the pleadings, depositions and other discovery materials and hearing oral argument, the court entered separate summary judgments for each defendant, finding as to each that no triable issues of fact were presented. Plaintiff's motions for reconsideration followed and were denied, and plaintiff brings this appeal.

■ Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c); *Department of Revenue v. Hartigan's Finer Foods, Inc.* (1985), 106 Ill. 2d 19, 476 N.E.2d 413.

Plaintiff contends that the negligent acts or omissions of the defendants, Debra Hill and Norman Hill, and the foreseeable intervening acts of third parties were the proximate cause of the plaintiff's injuries. Plaintiff cites the case of *Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203, for the proposition that it is a well-established rule in Illinois that proximate cause is a question for the jury and asserts that it was error for the court to grant the summary judgments.

■ In order to recover damages from defendants in this negligence action, the plaintiff must establish that defendants had a duty to conform to a certain standard of conduct as established by law, that defendants failed to meet that standard by a negligent act, and that their failure was the cause of plaintiff's injury. *Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 475 N.E.2d 822.

The summary judgments entered by the trial court centered upon the question of whether there was a genuine issue of a material fact, and it found none. The court's finding could be based upon a finding that defendants owed no duty to plaintiff on this occasion, that defend-

ants had committed no negligent breach of the duty owed, or that if there had been a negligent breach of the duty owed, such breach was not the cause of plaintiff's injuries.

The plaintiff argues in his brief that "[t]he facts of the present case raise issues of proximate cause, and the defendants have not, and cannot, show that the aforementioned intervening acts were unforeseeable as a matter of law." The plaintiff also contends, with ample citation of authority, that "proximate cause" is a question of fact for the jury.

■ When plaintiff uses the term "proximate cause" it invokes connotations of both questions of law and questions of fact. As we have stated in *Kerns v. Engelke* (1979), 54 Ill. App. 3d 323, 333, 369 N.E.2d 1284, 1292, *aff'd in part and rev'd in part* (1979), 76 Ill. 2d 154, 390 N.E.2d 859:

> " 'Proximate cause' is a term of art which encompasses the distinct concepts of cause in fact and legal cause. Determining whether the defendant's conduct was a cause of plaintiff's injury involves nothing more than an analysis of the facts. Once it is established that the defendant's conduct has in fact been a cause of the injury, however, there remains the question whether the defendant should be legally responsible for what he has caused. As otherwise stated, the question is whether the policy of the law will extend defendant's responsibility to the consequences which have in fact occurred.
>
> Two tests are generally applied in determining the issue of causation in fact. Under the 'substantial factor' test, the defendant's conduct is a cause of an event if it was a material element and a substantial factor in bringing it about. Under the second test, commonly called the 'but for' rule, the defendant's conduct is not a cause of an event if the event would have occurred without it. [Citations.]"

The multiple and confusing connotations that derive from the use of the term "proximate cause" are succinctly and authoritatively stated by Prosser and Keeton on Torts (5th ed. 1984), sec. 42:

> "Once it is established that the defendant's conduct has in fact been one of the causes of the plaintiff's injury, there remains the question whether the defendant should be legally responsible for the injury. Unlike the fact of causation, with which it is often hopelessly confused, this is primarily a problem of law. It is sometimes said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible. But both significance and importance turn upon conclusions in terms of legal policy, so that they depend

essentially on whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred. Quite often this has been stated, and properly so, as an issue of whether the defendant is under any duty to the plaintiff, or whether the duty includes protection against such consequences. This is not a question of causation, or even a question of fact, but quite far removed from both; and the attempt to deal with it in such terms has led and can lead only to utter confusion." W. Prosser & W. Keeton, Torts sec. 42, at 272-73 (5th ed. 1984).

■ Plaintiff's reliance upon *Felty v. New Berlin Transit, Inc.* would tend to indicate a concern with "proximate cause" in its aspect as legal cause or duty, for that was the issue in the *Felty* case. That is to say, *Felty* was concerned with whether the injury inflicted upon the plaintiff there by a high, dangling wire was within the scope or range of protection of the duty defendant owed to the plaintiff. There really was no question of negligent breach of duty or whether defendant's negligence was a cause in fact of plaintiff's injury. Whether a defendant is under a duty to a plaintiff on a particular occasion is a question of law for the determination of the court alone, and a multitude of Illinois cases so hold without a contrary voice. (*E.g. Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538; *Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307.) The function of the court to determine the duty issue extends to making the determination of whether the scope or range of protection of a duty extends to particular acts, since such determination is also a question of law. W. Prosser & W. Keeton, Torts sec. 42 (5th ed. 1984); *Lemings v. Collinsville School District No. 10* (1983), 118 Ill. App. 3d 363, 454 N.E.2d 1139 (Jones, J., specially concurring).

However, since plaintiff in his brief is persistent in stating that "proximate cause" is for the jury, we take his argument to be premised upon the factual basis alone, without regard to any question of duty or the scope or range of that duty. His argument is, in effect, limited to the contention that the acts of the defendants were negligent and that such negligent acts were the cause in fact of plaintiff's injuries.

■ Notwithstanding plaintiff's position, we believe that a duty question is present in this case with regard to the claim against Debra Hill, as well as factual questions with regard to both defendants. Plaintiff alleges in count I of his complaint that Debra Hill "failed to keep a proper lookout for the safety of her passengers." In his brief the plaintiff treats this allegation as meaning that Debra Hill should have stopped the horseplay of the riders of the hay wagons that she was

towing with the tractor at the time of plaintiff's injury. Such an allegation squarely raises a duty question, and to merely state (as plaintiff has implicitly done) that such a duty exists does not serve to establish the duty. Beyond contending that a jury question is presented through his "proximate cause" argument, plaintiff does not even discuss the duty question. For that matter, neither does appellee Debra Hill. Significantly, the plaintiff cites no case or other authority to support his (implicit) claim that Debra Hill had a duty to control the riders on the hay wagon and stop the horseplay. After due consideration, we find no such duty from the circumstances presented here. All of the riders were adults, and Debra Hill was not their chaperone or otherwise responsible in any way for their conduct. She had no right to control or direct their actions. There was nothing about Debra Hill's driving that in any way contributed to the horseplay or the throwing of objects between the wagons. As a matter of social policy, no duty to control the horseplay should be imposed in this case. (See *Zimmerman v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 462 N.E.2d 502.) Since there was no duty to control, there was no genuine issue of material fact upon this part of count I of plaintiff's complaint.

We turn to the remaining issue of the case: whether, as to each defendant, there was a genuine issue as to any material fact that would establish that either was negligent in a breach of a duty to plaintiff and, if so, whether such negligence caused, or contributed to cause, the plaintiff's injury. We can reverse the trial court's determination to grant summary judgment only if we determine that a genuine issue as to a material question of fact exists and that the defendants are not entitled to summary judgment as a matter of law. (*Estate of Kern v. Handelsman* (1983), 115 Ill. App. 3d 789, 450 N.E.2d 1286; *Rubin v. City National Bank & Trust Co.* (1980), 81 Ill. App. 3d 1020, 402 N.E.2d 281.) In reviewing the trial court's grant of summary judgment, we must consider all grounds urged and facts revealed by the record to determine if a genuine issue of material fact remained to be determined by a jury and whether the defendants were entitled to summary judgment as a matter of law. *United Security Insurance Co. v. Mason* (1978), 59 Ill. App. 3d 982, 376 N.E.2d 653; *Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 340 N.E.2d 539.

As did the trial court, we will consider the two counts of the complaint separately. In count I Debra Hill was charged with negligent driving of the tractor in that she drove at an excessive rate of speed. In considering this issue we are mindful that liability cannot be predicated upon surmise or conjecture as to the cause of the injury; cause in fact can be established only when there is a reasonable certainty that the

defendant's conduct caused the injury. *Morton v. F.B.D. Enterprises* (1986), 141 Ill. App. 3d 553, 490 N.E.2d 995; *Potter v. Edgar* (1975), 34 Ill. App. 3d 33, 339 N.E.2d 321.

■■ Upon consideration of the facts before us as presented by the record, the only conclusion that can be reached is that nothing that defendant Debra Hill did, or failed to do, contributed in whole or in part to plaintiff's injuries. The plaintiff himself agreed in answers given in his deposition:

"Q. But from something you got hit with from what somebody threw [*sic*] you lost your balance and fell?

A. Yes.

Q. Would it be fair to say it wasn't the tractor that caused you to fall?

A. I don't think—no. I don't think the tractor would have anything to do with it. It was definitely some kind of a missile that hit me. I don't know what it was or even if I was hit once or twice, but it happened so fast that when I did fall, well—the only thing possibly that [*sic*] we may have been going a little fast. Whatever that means. I don't know what the definition—a speed limit would be on driving a tractor with hay wagons behind it, but I landed on my feet and I couldn't keep my balance, and to me it seemed like we may have been going a trifle fast at the time, but whether or not I could have stayed on my feet or not, I don't know.

Q. About the accident itself, you said that somebody hit you with something, a piece of ice or some corn or something. You don't know what it was?

A. I assume that's what it was, because that's what they were using to throw back and forth during the trip back from the cabin area.

\* \* \*

Q. And is that what caused you to fall off?

A. To my knowledge, yes.

Q. It wasn't anything about the manner in which the tractor was being driven. Is that right?

A. No. I don't feel—I don't feel at the time that's what caused me to lose my seat.

Q. The tractor or the wagon didn't jerk or lurch or anything like that, did it?

A. I don't think it did, no.

Q. You weren't standing up when you were struck with this?

A. No. I was sitting.

Q. Was it the impact that knocked you off or were you trying to dodge it and you slipped or what do you think it was?

A. I think it could have been both. It was—I don't really know. I know I was hit and the first thing I knew I was off balance and I couldn't stay on the wagon and I was off.

Q. Well, I'm trying to get the picture. You lost your balance while you were still on the wagon, and did you jump off the wagon or did you fall off the wagon or—

A. Well, I think whatever hit me more or less knocked me off the wagon because it hit me hard enough—like I say, I don't know what it was. It was just a surprise to me.

Q. So, you're not aware of anything she did—that Debbie Hill did wrong that caused your accident or your injuries?

A. That's correct."

It is obvious that the speed of the tractor when plaintiff was knocked off it was not a factor. Charles Allen Hill estimated the speed at 5 to 7 miles an hour—little more than a fast-paced walk. Plaintiff was unable to maintain his balance on his feet when he landed, but that does not establish the wagon's speed as being unreasonable. The fact that the wagon was in motion, coupled with the surprise at being struck by a thrown object, would be sufficient to topple a person from his or her feet. We conclude that as to defendant Debra Hill there was no genuine issue of material fact and that summary judgment was proper as to her.

Count II of plaintiff's complaint charged that Norman Hill knew or had reason to know that Debra Hill was untrained and unable to operate a tractor and that he was negligent in entrusting the tractor to her. As we have already discussed, there was nothing about the manner in which Debra Hill operated the tractor that contributed to cause plaintiff's injury. Moreover, plaintiff's claim against Norman Hill is disposed of by the simple fact that Norman Hill did not entrust the tractor to Debra Hill. He loaned the tractor to Charles Allen Hill and left the hot dog roast before the return trip of the hayride, so he never even had any knowledge that Debra Hill would ever assume control of and drive the tractor. Accordingly, there was no genuine issue of material fact as to any negligence of defendant Norman Hill and summary judgment as to count II was proper.

Affirmed.

KARNS, P.J., and KASSERMAN, J., concur.