WILLIAM MORGAN, Plaintiff-Appellant, v. VETERANS OF FOREIGN WARS OF THE UNITED STATES, Defendant-Appellee (Veterans of Foreign Wars of the United States, James Phillips Memorial Post No. 2228, Defendant).

Fifth District   No. 5—88—0766

Opinion filed November 28, 1990.—Rehearing denied January 15, 1991.

GOLDENHERSH, J., dissenting.

William L. Broom III and Craig R. Reeves, both of Barrett, Twomey, Morris, Broom & Hughes, of Carbondale, for appellant.

Brad K. Bleyer, of Bleyer & Bleyer, of Marion, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff, William Morgan, appeals from an order of the circuit court of Jackson County which dismissed count I of his third amended complaint against defendant Veterans of Foreign Wars of the United States (the national organization, hereinafter referred to as VFW) on the grounds that it failed to state a cause of action. Count II, directed against defendant Veterans of Foreign Wars, James Phillips Memorial Post No. 2228 (the local post, hereinafter referred to as Post 2228), remains pending in the circuit court and is not involved in this appeal.

The facts underlying the allegations of plaintiff's complaint are fairly simple. A member of Post 2228 was suffering from cancer. The post elected to aid this member by organizing various fund-raising activities to benefit him. These activities included organizing a raffle for a shotgun, the proceeds of which were to benefit the member. The raffle was unlicensed, which was in violation of section 3 of "An Act to provide for licensing and regulating certain games of chance and amending certain Acts herein named" (the Act) (Ill. Rev. Stat. 1987, ch. 85, par. 2303). William Qualls, while not a member of Post 2228, volunteered to help sell raffle tickets. In attempting to sell the raffle tickets, Qualls visited a number of establishments which sold alcohol. Qualls became intoxicated and was involved in a motor vehicle accident with a vehicle in which plaintiff was a passenger. Qualls and the driver of the other vehicle, Troy J. Hobeck, Jr., were killed in the accident, and plaintiff was severely injured. Plaintiff brought suit against both the VFW and Post 2228. On November 5, 1987, plaintiff filed his amended complaint, adding the corporate status of the VFW as an Illinois not-for-profit corporation. On motion of the VFW the court dismissed plaintiff's amended complaint and ordered that plaintiff file his second amended complaint naming each separate defendant in a separate count. The court dismissed plaintiff's second amended complaint on motion of the VFW on August 17, 1988, for failure to state a cause of action. On September 14, 1988, plaintiff filed his third amended complaint. Count I of this complaint is directed toward the VFW, while count II is directed toward Post 2228. On motion of the VFW, the trial court dismissed with prejudice count I of plaintiff's third amended complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615)

on the basis that count I failed to allege facts sufficient to give rise to a duty to plaintiff on the part of the VFW. The circuit court found that there was no just reason for delaying enforcement or appeal. 107 Ill. 2d R. 304.

The sole issue presented for appeal is whether the trial court erred in ruling that count I of plaintiff's third amended complaint failed to state a cause of action against the VFW. The complaint alleges, in pertinent part:

"3) That James Phillips Post Number 2228, Veterans of Foreign Wars of the United States, is a duly authorized and appointed Post of the Veterans of Foreign Wars of the United States.

4) At sometime prior to April 1, 1985, James Phillips Post Number 2228 the Veterans of Foreign Wars of the United States, located in McClure, Illinois, authorized various activities, including the raffle of a shotgun, for the purposes of aiding a member in distress.

5) That at all times relevant hereto the Veterans of Foreign Wars of the United States was enabled, pursuant to Act of Congress 'to establish, regulate, or discontinue subordinate State and Territorial subdivisions and local chapters of posts; *** and generally to do any and all such acts and things as may be necessary and proper in carrying into effect the purposes of the corporation.' 36 U.S.C. Sec. 114.

6) That one of the stated purposes of the Defendant, Veterans of Foreign Wars of the United States, and its subordinate posts such as James Phillips Post No. 2228, Veterans of Foreign Wars of the United States, as set forth in 36 U.S.C., Sec. 113, is 'to assist worthy comrades.'

7) That William Qualls obtained and sold various shotgun raffle tickets for the purpose of sale to raise money in connection with the above-described benefit program.

8) That in furtherance of this above-described benefit program, William Qualls was engaged, on April 1, 1985, in the sale of raffle tickets on behalf of and as agent for the Defendant, James Phillips Post No. 2228, Veterans of Foreign Wars of the United States.

9) That while engaged in the process of transporting and selling said raffle tickets, Williams Qualls visited establishments selling alcoholic beverages, became intoxicated, and was involved in the motor vehicle collision described below.

* * *

13) That the above-described collision was the proximate result of one or more or all of the following negligent acts or omissions to act:

\* \* \*

d) Veterans of Foreign Wars of the United States *failed to regulate the local post,* James Phillips Post No. 2228, Veterans of Foreign Wars of the United States, *in that it allowed and permitted it to engage in an activity which was in violation of Illinois Criminal Law, namely holding an unlicensed raffle,* when it, through its authorized agents and employees, knew, or in the exercise of reasonable care should have known, that such raffles and fund raising activities were carried out by such local posts, including James Phillips Post 2228, Veterans of Foreign Wars of the United States." (Emphasis added.)

Plaintiff argues that because the VFW has the power to regulate local chapters pursuant to Title 36, section 114, of the United States Code (36 U.S.C. §114 (1988)), if such regulation is negligently performed, the VFW can be held liable. Plaintiff alleges that in the instant case the VFW was negligent in failing to regulate its local post, Post 2228, by allowing the local post to engage in an unlicensed raffle. Plaintiff further claims that the allegations in its third amended complaint, if proven, would entitle plaintiff to recover against the VFW, and therefore, the trial court erred in dismissing count I against the VFW. The VFW responds that plaintiff's third amended complaint failed to establish the existence of a duty owed by the VFW to plaintiff. The VFW contends that in order to determine that a duty exists, the acts of William Qualls must have been reasonably foreseeable. It further contends that while it may be conceivable that one engaged in the sale of raffle tickets might become intoxicated and operate a car in such a way as to cause an accident, such an event cannot be considered foreseeable to the extent that liability is established.

■ Whether the defendant in a negligence action owes a duty to the plaintiff is a question of law to be determined by the court. (*Moore v. Hill* (1987), 155 Ill. App. 3d 1, 6, 507 N.E.2d 1314, 1317; *Gamlin v. Biegler* (1984), 128 Ill. App. 3d 433, 435, 470 N.E.2d 1040, 1042.) Plaintiff contends that the VFW has a duty to regulate its local posts, including Post 2228, by virtue of Title 36, section 114, of the United States Code (36 U.S.C. §114 (1988)), which granted certain powers to the VFW:

"The corporation created by this chapter shall have the following powers: To have perpetual succession with power to sue and be sued in courts of law and equity; to receive, hold, own,

use, and dispose of such real estate, personal property, money, contract, rights, and privileges as shall be deemed necessary and incidental for its corporate purposes; to adopt a corporate seal and alter the same at pleasure; to adopt, amend, apply, and administer a constitution, bylaws, and regulations to carry out its purposes, not inconsistent with the laws of the United States or of any State; to adopt, and have the exclusive right to manufacture and use such emblems and badges as may be deemed necessary in the fulfillment of the purposes of the corporation; to establish and maintain offices for the conduct of its business; *to establish, regulate, or discontinue* subordinate State and Territorial subdivisions and *local chapters or posts*; to publish a magazine or other publications, and generally to do any and all such acts and things as may be necessary and proper in carrying into effect the purposes of the corporation." (Emphasis added.) (36 U.S.C. §114 (1988).)

The above language clearly grants the VFW the power to regulate its local chapters. Does the power to regulate give rise to a duty to regulate? The answer, of course, is that it depends on the circumstances. The concept of duty cannot exist in a vacuum, detached from the facts which generate it; duty is not "a brooding omnipresence in the sky" (*Burnett v. Donath* (1984), 127 Ill. App. 3d 131, 135, 468 N.E.2d 501, 504). A determination of duty must be made with respect to the particular facts and circumstances of the case because duty is not absolute but exists on a continuum, often referred to as the range or scope of duty. (See *Burnett*, 127 Ill. App. 3d at 135, 468 N.E.2d at 504; see generally *Lemings v. Collinsville School District Number Ten* (1983), 118 Ill. App. 3d 363, 367-84, 454 N.E.2d 1139, 1141-52 (Jones, J., specially concurring).)

"No duty ever found to exist in a negligence case is unlimited in its application. It cannot be applied to protect a plaintiff under any and all circumstances. [Citation.] Accordingly, as a part of the duty issue, a plaintiff must show, and the court must determine, not only that a defendant owed a duty of protection to the plaintiff but also that plaintiff was within the scope or range of protection of that duty under the facts of the case." *Lemings*, 118 Ill. App. 3d at 378, 454 N.E.2d at 1148 (Jones, J., specially concurring).

Plaintiff's complaint alleges that the VFW breached its duty to regulate when it allowed Post 2228 to conduct an unlicensed raffle. Even assuming, *arguendo*, the existence of such a duty and a breach by the defendant, we find that the scope of this duty does not include

protecting the plaintiff from the type of harm suffered here.

"Once it is established that the defendant's conduct has in fact been one of the causes of the plaintiff's injury, there remains the question whether the defendant should be legally responsible for the injury. Unlike the fact of causation, with which it is often hopelessly confused, this is primarily a problem of law. It is sometimes said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible. But both significance and importance turn upon conclusions in terms of legal policy, so that they depend essentially on whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred. Quite often this has been stated, and properly so, as an issue of whether the defendant is under any duty to the plaintiff, or whether the duty includes protection against such consequences. This is not a question of causation, or even a question of fact, but quite far removed from both; and the attempt to deal with it in such terms has led and can lead only to utter confusion." W. Keeton, Prosser & Keeton on Torts §42, at 272-73 (5th ed. 1984).

Notwithstanding the admonition of Professors Prosser and Keeton to avoid framing questions of duty in terms of proximate cause, it is a familiar concept and has some limited utility as an analytical tool in determining the scope of a defendant's duty.

"Stated in terms of more general usage, the action, or lack of it, by defendants was not the 'proximate cause' of the death of decedent, as that term is used in its application as an aspect of duty. [Citation.] Regarding 'proximate cause' as an aspect of duty, Professor Prosser has said:

' "Proximate cause"—in itself an unfortunate term—is merely the limitation which the courts have placed upon the actor's responsibility for the consequences of his conduct.' Prosser, Torts §41, at 239 (4th ed. 1971)."

*Hoxsey v. Houchlei* (1985), 135 Ill. App. 3d 176, 181, 481 N.E.2d 990, 993.

In the instant case the breach of duty alleged by plaintiff—allowing Post 2228 to hold an unlicensed raffle—was not the "proximate cause" of plaintiff's injury. Failing to obtain a license was not a legal cause of the automobile accident that injured the plaintiff; the same events could have occurred if the raffle was licensed. Plaintiff does not allege that the VFW had a general duty to regulate the local post's use of volunteers or to supervise their activities, nor does he

allege any facts which infer that the VFW assumed such a duty. In sum, plaintiff's amended complaint fails to establish that prevention of his injury was within the scope of any duty owed to him by the defendant and therefore fails to state a cause of action for negligence.

■ As defendant notes in its brief, it is not entirely clear whether the plaintiff, in addition to arguing that his complaint states a cause of action for negligence, is also contending that defendant is liable under a theory of *respondeat superior*. However, since a motion to dismiss for failure to state a cause of action should not be granted if the complaint states a good cause of action, even if not the one intended by plaintiff (*Pelham v. Griesheimer* (1981), 93 Ill. App. 3d 751, 752-53, 417 N.E.2d 882, 884, *aff'd* (1982), 92 Ill. 2d 13, 440 N.E.2d 96), we will consider whether plaintiff's complaint states a cause of action under the theory of *respondeat superior*.

■ Under the doctrine of *respondeat superior* an employer may be liable for an employee's torts committed in the course of employment and in furtherance of the employer's business. (*Randi F. v. High Ridge YMCA* (1988), 170 Ill. App. 3d 962, 964, 524 N.E.2d 966, 968.) The instant case is different in that William Qualls was not an employee, but rather, a volunteer for a patriotic organization; however, other jurisdictions have found that the status of a negligent person as a volunteer worker for a charitable organization does not necessarily preclude a finding that a master-servant relationship existed between the organization and the volunteer. (See, *e.g.*, *Baxter v. Morningside, Inc.* (1974), 10 Wash. App. 893, 521 P.2d 946; see generally *Annotation, Liability of Charitable Organization Under Respondeat Superior Doctrine For Tort of Unpaid Volunteer*, 82 A.L.R.3d 1213 (1978).) Additionally, section 225 of the Restatement (Second) of Agency provides:

> "One who volunteers services without an agreement for or expectation of reward may be a servant of the one accepting such services." Restatement (Second) of Agency §225 (1958).

■ It is not, however, the gratuitous nature of the services rendered by Qualls which negates the plaintiff's cause of action. Rather, it is plaintiff's failure to allege an agency relationship between Qualls and the VFW, or to assert any facts inferring such a relationship, that defeats his claim. While plaintiff does allege that Qualls acted as an agent for Post 2228, no such relationship is alleged to exist between Qualls and the VFW, nor between the VFW and Post 2228. Moreover, there is no allegation that the VFW had the right to control Qualls' conduct (see Restatement (Second) of Agency §220 (1958) (a servant is one whose physical conduct in performing the services is subject to

the master's control or right to control); *Warren v. LeMay* (1986), 142 Ill. App. 3d 550, 575, 491 N.E.2d 464, 480 (factors in determining whether one is a servant include the extent of control by the employer over the work)) nor does the complaint allege that the VFW consented to or even knew about Qualls' activities (see Restatement (Second) of Agency §221 (1958) ("To constitute the relation of master and servant, the one for whom the service is rendered must consent or manifest his consent to receive the services as a master")). We find, therefore, that plaintiff's complaint failed to state a cause of action under the doctrine of *respondeat superior*.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

RARICK, J., concurs.

JUSTICE GOLDENHERSH, dissenting:
I respectfully dissent.

The Veterans of Foreign Wars of the United States (VFW) was created as a corporation by an act of Congress (36 U.S.C. §111 *et seq.* (1988)). The following powers were given to the VFW under that act:

"The corporation created by this chapter shall have the following powers: To have perpetual succession with power to sue and be sued in courts of law and equity; to receive, hold, own, use, and dispose of such real estate, personal property, money, contract, rights, and privileges as shall be deemed necessary and incidental for its corporate purposes; to adopt a corporate seal and alter the same at pleasure; to adopt, amend, apply, and administer a constitution, bylaws, and regulations to carry out its purposes, not inconsistent with the laws of the United States or of any State; to adopt, and have the exclusive right to manufacture and use such emblems and badges as may be deemed necessary in the fulfillment of the purposes of the corporation; to establish and maintain offices for the conduct of its business; to establish, regulate, or discontinue subordinate State and Territorial subdivisions and local chapters or posts; to publish a magazine or other publications, and generally to do any and all such acts and things as may be necessary and proper in carrying into effect the purposes of the corporation." (36 U.S.C. §114 (1988).)

The above language clearly grants the VFW the power to regulate its

local chapters, and this power is alleged in paragraph 5 of count I of plaintiff's complaint. Therefore, if the VFW is negligent in its regulation of a local post, the national organization could be held responsible. The question is not whether the VFW was negligent in failing to regulate the local post's raffle, but rather, whether the VFW could have done anything to regulate the use. of volunteers such as William Qualls. If so, can the VFW be held vicariously liable for the tort of Qualls under a theory of *respondeat superior*?

Under the doctrine of *respondeat superior*, an employer is liable for an employee's torts committed within the scope of that employment. In determining the scope of employment, the focus is generally upon the issues of whether the employee's act was conducted within the constraints of authorized time and location of employment and whether the conduct was actuated at least in part by a purpose to further the employer's business. (*Wilson v. Clark Oil & Refining Corp.* (1985), 134 Ill. App. 3d 1084, 1089, 481 N.E.2d 840, 843.) The instant case is different in that Qualls was not an employee, but rather, a volunteer for a patriotic organization; however, other jurisdictions have found that the status of a negligent person as a volunteer worker for a charitable organization did not preclude a finding that a master-servant relationship existed between the organization and the volunteer. (*Baxter v. Morningside, Inc.* (1974), 10 Wash. App. 893, 521 P.2d 946.) Additionally, section 225 of the Restatement (Second) of Agency provides:

> "One who volunteers services without an agreement for or expectation of reward may be a servant of the one accepting such services." Restatement (Second) of Agency §225 (1958).

In the instant case, William Qualls volunteered to help sell tickets for a raffle which was sponsored by Post 2228. In the course of his selling these tickets, Qualls went to several establishments that served alcoholic beverages. Qualls became intoxicated and was involved in a motor vehicle accident. Under these circumstances, William Qualls was acting within the authorized time and location of his volunteer activities for the VFW. His drinking alcohol was actuated at least in part by the purpose of furthering the VFW's business, as Qualls was attempting to sell raffle tickets to help a VFW member in distress.

Another aspect of the same duty question involving the statutory power of the VFW to regulate its local posts is the question of the concurrence of the right to control or the power to control the actions of another and the duty that may flow from that power, whether or not that power is exercised. In the instant case, plaintiff has alleged,

as noted above, that the VFW had the power to regulate its component chapters stated in a very broad manner. This statutory grant of authority is analogous to the situation one finds in the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*) wherein the right or power to control various operations residing in a party "having charge of" the work involved may result in imposition of liability under the Act regardless of whether that party exercised its right or power of control. In general, the Structural Work Act extends liability to those parties having some responsibility and opportunity to prevent dangerous work methods at construction sites without regard to their having a direct supervisory connection with the particular task that gave rise to the injury. (*Gall v. Metropolitan Sanitary District* (1982), 109 Ill. App. 3d 502, 440 N.E.2d 973.) An example of duty following the ability to exercise supervisory or regulatory power, whether exercised or not, is found in *Schuch v. University of Chicago* (1980), 87 Ill. App. 3d 856, 410 N.E.2d 258, in which the court held that a party may be liable under the Structural Work Act as "having charge of" the work at a construction site when that party knew, or in the exercise of ordinary care could have discovered, another party's violation of the Act, which conduct proximately caused the worker's injury. In the instant case, the VFW had a statutory grant of power over its respective chapters to regulate or prohibit the type of conduct which, as alleged by plaintiff, caused the injuries. Whether defendant VFW chose to exercise that power is not determinative of this question concerning the existence of its duty to regulate or prohibit an activity which was reasonably foreseeable as noted in this dissent.

The majority claims that plaintiff has failed to allege that the VFW had a general duty to regulate the local post's use of volunteers or supervise the activities of any volunteers. In fact, plaintiff's complaint does allege in paragraph 5, as noted above, that the VFW had the power to regulate and alleges in paragraph 13(d) that the VFW failed to so regulate the local post. As the majority quite correctly noted, a motion to dismiss for failure to state a cause of action should not be granted by the trial court if that complaint states a good cause of action, even if not the one intended by plaintiff. (*Pelham v. Griesheimer* (1981), 93 Ill. App. 3d 751, 417 N.E.2d 882.) In this instance, the majority is affirming exactly that kind of dismissal in that plaintiff has adequately pleaded the opportunity, ability and the duty of the VFW to regulate its local posts in their engaging in this type of activity, even though the clarity of the pleading is diminished by the tangential issue of the legality of the raffle. The trial court's dismissal of the count and this court's affirming that dismissal errone-

ously precludes the pleading of this clearly existent cause of action.

Defendant argues that the facts in this case do not establish such a relationship between plaintiff and the VFW so as to impose a duty owed by the VFW to plaintiff because William Qualls' actions and the resulting injuries were not foreseeable. In determining whether a duty exists for purposes of a negligence action, a court must apply a foreseeability test that brings within the scope of defendant's liability any injury which is objectively reasonable to occur, and not everything which might conceivably occur. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 466, 343 N.E.2d 465, 471; *Watkins v. Mt. Carmel Public Utility Co.* (1988), 165 Ill. App. 3d 493, 499, 519 N.E.2d 10, 14.) Contrary to the VFW's argument, this court should find that the injuries sustained by plaintiff are within the category of those objectively reasonable to occur. It is objectively reasonable to foresee that one who volunteers to sell raffle tickets could undertake such a task at local taverns and at the same time consume enough alcohol to become sufficiently intoxicated to cause an automobile accident involving serious injury and death.

If plaintiff proves that the VFW was negligent in regulating Post 2228's use of volunteers, the jury might find that William Qualls' intervening tort is foreseeable and that it was the VFW's failure to regulate its local post, as required by statute, that was the proximate cause of plaintiff's injuries. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle a plaintiff to recover. (*Fechtner v. Lake County Savings & Loan Association* (1977), 66 Ill. 2d 128, 133, 361 N.E.2d 575, 578.) Upon consideration of the pleadings, the trial court erred in dismissing count I of plaintiff's third amended complaint, and the majority has erred in affirming this dismissal. I would reverse on the basis that a cause of action has been pleaded, and remand the cause for further proceedings.