2019 IL App (1st) 190575-U
No. 1-19-0575
Order filed November 12, 2019

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(c)(2).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STATE FARM MUTUAL INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17 CH 12822 |
| ADEL AZAR, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Sophia H. Hall, Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Griffin and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court did not err in requiring defendant to prove he made a timely demand for arbitration under insurance policy's uninsured motorist provision.

¶ 2    The car in which Adel Azar was a passenger got in an accident with an uninsured motorist. Azar pursued a claim against State Farm Mutual Automobile Company, the car's insurer. State Farm filed a complaint seeking a declaration of no coverage. State Farm asserted Azar brought the claim untimely under the policy's uninsured motorist provision having waited more than two years to make a demand for arbitration. After a bench trial, the trial court declared

Azar's uninsured motorist claim to be time barred and entered a judgment in State Farm's favor. Azar contends the trial court erred in requiring him to prove he made a timely demand for arbitration and improperly shifted the burden to him regarding the presumption of mailing. The trial court properly placed the burden on Azar as the claimant, so we affirm.

¶ 3                                Background

¶ 4      Azar was the passenger in a car driven by Assi Sayegh when an accident occurred with an uninsured motorist on September 30, 2014. Azar sought to file a claim under the uninsured motorist provision of Sayegh's insurance policy issued by State Farm. The policy's uninsured motorist provision provided, in relevant part, "Any arbitration or suit against us will be barred unless commenced within two years after the date of the accident or within two years immediately following the date the carrier for the uninsured motor vehicle becomes insolvent, if the carrier becomes insolvent within two years immediately following the date of the accident. Legal action may only be brought against us in accordance with the Legal Action Against Us provision of this policy."

¶ 5      Almost three years after the accident, on September 17, 2017, State Farm filed a complaint seeking a declaration that Azar's claim was time barred. State Farm argued Azar exceeded the policy's two year time limit to file a suit or demand arbitration of his uninsured motorist claim. State Farm alleged that shortly after the accident, it received an attorney representation letter and an attorney lien letter from Azar's attorneys, The Vrdolyak Law Group. State Farm received no additional correspondence until July 17, 2017, when his attorney sent a letter demanding arbitration of the claim. Because that letter was more than two years after the

accident, State Farm asked the trial court to find Azar's claim time-barred, and that State Farm had no obligation to arbitrate.

¶ 6    After Azar filed a response to the complaint denying that he failed to timely demand arbitration of his uninsured motorist claim, State Farm moved for summary judgment under section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2016)), again arguing Azar did not commence arbitration or file suit against within two years of the accident as required by the policy. In response, Azar argued he complied with the policy by sending two letters demanding arbitration on April 13, 2016, less than two years after the accident. Azar provided copies of the letters, which were properly addressed to State Farm. Azar also provided an affidavit and discovery deposition from James Pineda, a case manager for Azar's attorney, stating that at the attorney's direction, he sent the April 2016 letters to State Farm. (It was the firm's practice to send two letters, one demanding ADR Systems as arbitrator because it was a quicker and less expensive option, and the other naming a specific arbitrator.) The trial court denied the summary judgment motion, finding that the letters created a question of fact as to whether Azar made a timely demand for uninsured motorist arbitration.

¶ 7    At the beginning of the trial, the trial court informed the parties that Azar had the burden of proving he made a timely demand for arbitration. Azar presented three witnesses: case manager James Pineda and attorneys Peter Vrdolyak and John Vrdolyak. Pineda's duties included assisting Peter Vrdolyak in uninsured motorist claims. He testified it was his custom and practice to draft arbitration demand letters using a template, sign and initial the letters, make copies, put them in regular first class mail, and place the copy in the case file. He said he followed this custom and practice when he sent two arbitration demand letters to State Farm in Azar's case on April 13, 2016. He acknowledged that he sent hundreds if not thousands of

similar letters on behalf of other clients, but had specific recall of printing and mailing those two letters. On cross-examination, he acknowledged he could not remember anything else about other files he worked on that day.

¶ 8    Peter Vrdolyak testified he handles pre-litigation matters, and it was his custom and practice to have Pineda send correspondence to insurers, including letters demanding arbitration for uninsured motorist claims. He directed Pineda to send the two letters to State Farm demanding arbitration of Azar's claim. But, on cross-examination, he acknowledged he did not have any independent recollection of the Azar case or of instructing Pineda to send the April 13, 2016 letters to State Farm.

¶ 9    John Vrdolyak testified that he handled Azar's case once it reached the litigation stage. He was not involved in drafting or sending the April 13, 2016 letters. He had no independent recollection of the letters being in the case file, but presumed they were there. He said he sent the July 17, 2017 arbitration demand letter because there were no responses from State Farm in the file regarding prior arbitration demands.

¶ 10    State Farm called claims specialist Cathleen McDermott. McDermott worked on the Azar claim after the two years to demand arbitration had expired. She reviewed the file and did not find an arbitration demand letter, so she recommended closing the file. The only arbitration demand letter in Azar's claim file was the July 17, 2017 letter. McDermott acknowledged that the April 13, 2016 letters were not sent to her but testified that all correspondence on a claim ends up in the electronic claim file regardless of which office originally receives it.

¶ 11    After hearing the evidence and closing arguments, the trial court found in favor of State Farm and against Azar. The court said the case turned on James Pineda's credibility and found

his testimony "incredible." The court stated, "I cannot believe he remembered this particular document. That *** out of all the things he mailed on April 13th, he remembers that particular one. So his *** lack of credibility suggests that *** the preponderance of the evidence is not met because the person who is testifying to having followed the procedures of Vrdolyak law office is not credible in that way." The trial court entered a written order finding Azar's uninsured motorist's claim was time barred and that State Farm had no duty to arbitrate the claim.

¶ 12                                Analysis

¶ 13                             Burden of Proof

¶ 14    Azar contends the trial court erred in placing the burden on him to prove he timely requested arbitration. Whether the circuit court applied the correct burden of proof presents a question of law we review *de novo. 1350 Lake Shore Associates v. Healey,* 223 Ill. 2d 607, 627, (2006).

¶ 15    Illinois courts have consistently held that the claimant under an insurance policy has the burden of proving that he or she comes within the terms of coverage. *Gibson v. State Farm Mutual Automobile Association Co.,* 125 Ill. App. 3d 142, 148 (1984). See also, *MHM Services, Inc. v. Assurance Co. of America*, 2012 IL App (1st) 112171(holding, insured had burden to prove notice of claim to its umbrella insurer was not unreasonably late). Azar correctly notes that "the insurer bears the burden of establishing that a claim falls within a provision that limits or excludes coverage." *Farmers Automobile Insurance Ass'n v. Gitelson,* 344 Ill. App. 3d 888, 896 (2003). But, the issue before the trial court was not whether Azar's claim fell within a policy limit or exclusion, but rather whether his demand for arbitration of his claim was time-barred.

Thus, as required by the policy, the trial court properly placed the burden on Azar to prove he demanded arbitration for his uninsured motorist claim within two years of the accident.

¶ 16    We also reject Azar's contention that the presumption applies to State Farm receiving the letters. A letter appropriately addressed, stamped, and mailed is presumed to have been received. *Tabor & Co. v. Gorenz*, 43 Ill. App. 3d 124, 129 (1976). See also, *First National Bank of Antioch v. Guerra Construction Co., Inc*., 153 Ill. App. 3d 662, 667 (1987). To be entitled to the presumption, the party must present proof the item was in a properly addressed envelope with adequate postage and deposited in the mail. Evidence of an office custom as to mailing constitutes proof of the mailing when corroborating evidence establishes that the custom was followed in a particular case. *Tabor*, 43 Ill. App. 3d at 130.

¶ 17    Azar contends the presumption applied based on Pineda's testimony about his customary practice in handling arbitration letters. We disagree. In a bench trial, trial judges determine credibility of witnesses and the weight to be given their testimony, and a reviewing court will not substitute its judgment for that of the trial court unless the opposite conclusion is plainly evident. *Aetna Insurance Co. v. Amelio Brothers Meat Co.*, 182 Ill. App. 3d 863, 865 (1989).

¶ 18    The trial judge found Pineda's testimony about mailing the April 13, 2016 letters not credible; we will not substitute our judgment for hers. Further, Azar presented no other evidence or witnesses establishing that Pineda followed his customary practice here, because the attorney-witnesses either were not involved in or had no recollection about the mailing of the letters.

¶ 19    Accordingly, the trial court did not err in placing the burden on Azar to prove he made a timely demand for arbitration of his uninsured motorist claim and, because he failed to do so, the trial court did not err in entering judgment for State Farm.

¶ 20    Affirmed.